GABB et al. v. BOSTON et al.†

(Court of Civil Appeals of Texas. Galveston. June 6, 1912. Rehearing Denied June 27, 1912.)

1. JUDGMENT (§ 693*)—PARTIES CONCLUDED—HUSBAND AND WIFE.

Rev. St. 1895, art. 2983, limits the husband's power to deal with community property pending a divorce suit only by preventing him from disposing of it in fraud of the wife's rights. Pending a divorce suit by a wife, her husband was defendant in an action to cancel a deed to property claimed as community property, the record title to which was in him, of which action the wife had notice, and, after the wife had obtained her divorce, judgment was rendered against the husband, canceling the deed. *Held*, that the suit against the husband had the effect of bringing the community partnership before the court without the necessity of making the wife a party, and that she was bound by the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1216; Dec. Dig. § 693.*]

2. JUDGMENT (§ 693*) — CONCLUSIVENESS — PARTIES BOUND—JUDGMENT FOR INTERVENER IN ORIGINAL SUIT.

In a suit against a husband to cancel a deed to community property, the record title to which was in him, the intervention of a third party, setting up title and attacking the title on the same ground of fraud as that in which plaintiff in the original suit sought a cancellation, did not make the suit a new suit, so as to require defendant's wife to be made a party, in order that the judgment should be binding upon her.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1216; Dec. Dig. § 693.*]

3. JUDGMENT (§ 651*) — CONCLUSIVENESS — ABANDONMENT BY PARTY.

A judgment, in an action against plaintiff's then husband to cancel a deed to community property, the record title to which was in him,

recited that defendant (the husband) announced that he would not defend his suit further, that the deed from one of the plaintiffs to him was a pretended deed, and that he was not entitled to any interest in land, and then adjudged that the deed be canceled, and that the intervener recover the land. *Held*, that the recitals showed only an abandonment by defendant, and not an agreed judgment between himself and the intervener, binding only upon them as parties to such agreement.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1163; Dec. Dig. § 651.*]

4. VENDOR AND PURCHASER (§ 231*)—BONA FIDE PURCHASERS—FACTS PUTTING UPON INQUIRY RECITALS IN JUDGMENT.·

The intervener in an action to cancel a deed to community property had agreed with the defendant to repay to him money claimed to have been paid by him to one of the plaintiffs; and the judgment for the intervener recited that the deed to defendant was a pretended deed, and that he was not entitled to any interest in the land thereunder, and then adjudged that it be canceled, and that the intervener recover the land. *Held* that, as to a purchaser on the faith of the judgment, who had no notice of such agreement at the time it was made, the recitals in the judgment were not sufficient to charge him with notice of such agreement, whatever its effect on the judgment.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. § 231.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Mrs. L. B. Gabb and others against Monroe Boston and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

J. M. Gibson, R. H. Holland, and Jno. B. Warren, all of Houston, for appellants. E. P. & Otis K. Hamblen, Edward H. Bailey, William W. Anderson, and Ingham S. Roberts, all of Houston, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title brought by Mrs. L. B. Gabb against the appellee Monroe Boston and a number of other defendants to recover an undivided one-half interest in a tract of 94¾ acres of land on the Luke Moore league in Harris county.

The defendants answered by general demurrer and plea of not guilty and by special pleas, the nature of which will be hereinafter indicated. The cause was submitted to a jury in the court below upon special issues, and upon the answers of the jury to the questions propounded to them by the court judgment was rendered in favor of defendants.

The evidence shows that the 94¾ acres of land were, on February 7, 1884, owned by and in the possession of Thomas R. Farrell. On the date mentioned, said Farrell signed and acknowledged a deed, conveying the 94¾ acres to his infant son, B. F. Farrell. This deed was duly recorded in the Deed Records of Harris county on February 8, 1884. The evidence is conflicting as to the circumstances under which the deed was executed and recorded, and the person by whom it was filed for record; but there is testimony sufficient to sustain the finding that Thomas R. Farrell intended that the deed should take the place of a will, and should not be recorded or take effect until after his death. At the time he executed the deed, he was in a precarious condition of health and consulted his attorney in regard to preparing his will, and was advised by the attorney to make the deed, instead of the will, because in the opinion of the attorney, a will was "easier to break." He testified that the deed was never delivered to B. F. Farrell, and that he instructed his attorney, with whom he left the deed after he had executed it, not to record it until after his death, and that he did not know that it was recorded until several months after he recovered from the spell of sickness from which he was suffering at the time he executed the deed. At the time this deed was executed, B. F. Farrell, the grantee, who is the natural son of the grantor, Thomas R. Farrell, was four years old. T. R. Farrell always claimed to be the owner of the land, held possession of it, and never recognized any right or title in B. F. Farrell.

On September 18, 1900, B. F. Farrell conveyed the land to C. J. Ochse for a recited consideration of $3,300 cash and a note for $1,500, due in two years, with interest at the rate of 10 per cent. per annum. At the time this conveyance was made to Ochse, the appellant Mrs. Gabb was his wife. On December 24, 1900, Mrs. Gabb filed a suit for divorce and partition of community property against her then husband, the said C. J. Ochse. The 94¾ acres of land conveyed by B. F. Farrell to C. J. Ochse were claimed by her in this suit as community property of herself and husband. On January 29, 1901, T. R. Farrell and B. F. Farrell filed suit against C. J. Ochse to cancel the deed from B. F. Farrell to Ochse, on the ground that it was without consideration and was obtained by fraud and misrepresentation. It is also alleged in the original petition in said suit that B. F. Farrell had no title to the land conveyed by him to Ochse, but that said land was owned by the plaintiff T. R. Farrell, and the said Ochse knew, at the time he procured the deed from B. F. Farrell, that T. R. Farrell was in possession of the land and held the superior title thereto.

On March 15, 1901, the following judgment was rendered in the divorce suit before mentioned: "Be it remembered, that on this the 15th day of March, 1901, the above numbered and entitled cause came on to be heard, and then the plaintiff by her attorney announced ready for trial, and the defendant by his attorney announced ready for trial, and the plaintiff in open court dismissed as

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to her demand for partition of community property, and dismissed as to her demand for care and custody of the children by said marriage, and, no jury having been demanded, this cause was submitted to the court for adjudication upon the matters of fact, as well as of law; and the court having heard the pleadings, evidence, and argument of counsel, and being fully advised, herein finds the material allegations in plaintiff's petition true, and finds for plaintiff. It is therefore considered by the court, and so ordered, adjudged, and decreed by the court, that the bonds of matrimony heretofore existing between Mrs. L. B. Ochse, plaintiff, and C. J. Ochse, defendant, be, and the same are here now forever dissolved, canceled, and annulled. It is further ordered that all costs in this behalf expended are adjudged against defendant, C. J. Ochse, for which let execution issue."

At the time this judgment was rendered, the appellant (plaintiff in said judgment) knew that the suit of the Farrells against her husband, C. J. Ochse, for the cancellation of said deed had been brought and was then pending.

On June 11, 1901, T. R. Farrell filed an amended petition in the suit against C. J. Ochse, in which he repeats the allegations of fraud on the part of Ochse in procuring the deed from B. F. Farrell, and also the allegations that the title to the land is in him and was never in B. F. Farrell, and that the deed from T. R. Farrell to B. F. Farrell was never delivered and was recorded by mistake. He prays that B. F. Farrell be made a party defendant, and that both the deed from T. R. Farrell to B. F. Farrell and the deed from B. F. Farrell to C. J. Ochse be canceled and held for naught, and cloud cast upon his title by said deeds be removed. C. J. Ochse answered in this suit by general and special exceptions and general and special denials of the allegations of the petition, and by affirmative plea alleged title to the land and prayed for its recovery. B. F. Farrell filed no answer to the amended petition of T. R. Farrell, asking judgment canceling the deed from said T. R. Farrell to him. The pleadings of the parties in this suit were amended several times; but the causes of action asserted and the defenses remained the same. Mrs. Ochse was not made a party to the suit.

On May 28, 1902, B. F. Farrell conveyed the 94¾ acres of land to J. M. Cobb. On May 29, 1902, J. M. Cobb filed the following petition in intervention in said suit: "Now comes J. M. Cobb, a resident citizen of Harris county, Texas, leave of court being first had and obtained, files this his plea of intervention, and shows to the court that he is the legal owner in fee simple of the land sued for in this suit, and that heretofore, to wit, on the 25th day of May, 1902, he was in the lawful possession of the premises sued for, and that the plaintiff, T. R. Farrell, and the defendant C. J. Ochse and B. F. Farrell unlawfully entered upon said premises and ejected this plaintiff therefrom and now withholds the possession thereof from him. Plaintiff further shows that the land so unlawfully withheld from him is described as follows: [The description is here omitted, because it is the same as the description of the land involved in this litigation and set out in plaintiff's original petition.] Plaintiff also shows that said land was, by deed, dated February 7, 1884, conveyed by plaintiff, T. R. Farrell, to B. F. Farrell for the sum of six hundred ($600) dollars, and that said land was thereafter, by general warranty deed, for a valuable consideration, conveyed to this intervening plaintiff by B. F. Farrell, that the defendant C. J. Ochse is also setting up claim to said land by deed purporting to have been made to him by B. F. Farrell, but that said deed was procured by fraud and without any consideration, but, as it now appears upon the record of Harris county is a cloud upon this intervening plaintiff's title. Wherefore, the premises considered, this intervening plaintiff prays that he have judgment against T. R. Farrell and C. J. Ochse for the land described in this intervention, and that the pretended deed from B. F. Farrell to C. J. Ochse, dated on the ——— day of ———, ———, and recorded in volume ———, on page ———, of the Deed Records of Harris county, Texas, be canceled, and that this intervener have judgment for general and special relief for costs of court, and for all of which he will ever pray."

This suit was finally disposed of on the 3d day of June, 1902, by the rendition of the following judgment: "T. R. Farrell v. C. J. Ochse et al. No. 30,452. On this 3d day of June, 1902, came on for trial the above entitled and numbered cause, when came all parties to this suit in person and by their attorneys, the demand for jury having been withdrawn, and the defendant C. J. Ochse, by his attorneys, having announced to the court that he did not care to defend said cause further, and the plaintiff, T. R. Farrell, and defendant B. F. Farrell, by their attorney, agree that the intervener, J. M. Cobb, is entitled to the land sued for herein: It is therefore ordered, adjudged, and decreed that the plaintiff, John M. Cobb, do have and recover of and from T. R. Farrell, C. J. Ochse, and B. F. Farrell the title and possession of the premises sued for, to wit, being ninety-four and three-quarters (94¾) acres of land, situate in Harris county, Texas, out of the west part of lot No. 9 (nine) of the east or lower half of a league originally granted to Luke Moore. Said ninety-four and three-quarter (94¾) acres is situated on the left bank of Brays bayou, about four miles southeastwardly of the courthouse in the city of Houston, beginning at a point on Brays bayou where the north line of lot No.

9 crosses; thence N. 70 W. 952 vs. along the said line to the northwest corner; thence S. 20 W. 833½ vs. along the west line of lot No. 9 (nine) to its southwest corner; thence S. 70 deg. E. 60 vs. to corner; thence N. 20 deg. E. 100 vs. to northwest corner labor; thence S. 70 deg. E. 472 vs. along the north line of labor, or to the said southwest corner of 16 acres previously sold to Jerry Maxwell; thence N. 20 deg. E. 390 vs. along the west line of Maxwell's 16 acres to his northwest corner; thence N. 31 deg. E. along the west line of 10 acres previously sold to Edward Clay and Samuel Edwards 151 vs. to a stake 2¼ vs. from a pine, 18 inches in diameter, marked 'A'; thence S. 59 deg. E. 352 vs. to Brays bayou, a pin oak, 2 inches in diameter, marked 'X,' facing the line stand on the first bank 2 vs. below the line; thence down Brays bayou with its meanderings to the place of beginning. And it further appearing to the court that heretofore, to wit, on the ——— day of ———, ———, B. F. Farrell made a pretended deed of conveyance of said premises to C. J. Ochse, which said deed is recorded in volume ———, on page ———, of the Deed Records of Harris county, Texas, and it appearing to the court that C. J. Ochse is not entitled to any part or interest in said premises by reason of said deed, he having withdrawn his answer herein, it is now here ordered, adjudged, and decreed that said deed be canceled and held for naught, and that the defendant C. J. Ochse take nothing in this suit, and that the plaintiff, T. R. Farrell, also take nothing by reason of this suit, and that B. F. Farrell take nothing by reason thereof, and that the intervener, J. M. Cobb, have his writ of possession against each and all of said parties, and that he recover all of his cost in this behalf expended, and for the enforcement of this entire judgment execution may issue."

All of the defendants in this suit hold title under J. M. Cobb. Before he intervened in the suit of Farrell against Ochse, Cobb had paid Ochse about $700 for his claim on the land, and had procured a quitclaim deed from Ochse, conveying the land to him. The abstract of title, which was examined by the attorneys for all of the defendants, except the defendant Mrs. Wilson, before they purchased from Cobb, showed the proceedings in the divorce suit and the suit of Farrell against Cobb, and the respective dates on which said suits were instituted and judgments rendered therein. The defendant Mrs. Wilson held under a quitclaim deed from Cobb, which recites a consideration of one dollar. The jury found that Cobb knew of the divorce proceedings at the time he purchased from B. F. Farrell and intervened in the suit of Farrell against Ochse.

The defendants, when they purchased from Cobb, had no notice of the facts that Cobb had purchased Ochse's claim to the land and had procured a quitclaim deed from him, other than what is shown by the recitals in the judgment in the case of Farrell against Ochse, before set out. They purchased upon the faith of said judgment, and were advised by their attorneys that the judgment vested the title to the land in Cobb.

The defendants specially pleaded that the deed from T. R. Farrell to B. F. Farrell was intended to take the place of a will; that it was never delivered to B. F. Farrell, and T. R. Farrell did not intend that it should be recorded or delivered before his death; and that it was recorded by mistake. They further pleaded that B. F. Farrell was an ignorant minor at the time he executed the deed to C. J. Ochse, and that Ochse obtained said deed from him by fraudulently representing that it was only a contract for the sale of 10 acres of said land, and said Farrell was induced by said false and fraudulent representation to sign said deed. The answer further avers: "That these defendants further allege that the plaintiff herein (the plaintiff Mrs. L. B. Gabb) was, at the time Ochse obtained the deed from B. F. Farrell, his wife, and in December, 1900, sued him for a divorce, and asked for the partition of community property, including the land sued for herein, and said suit for a divorce and partition was pending at the time that T. R. Farrell and B. F. Farrell instituted their suit against Ochse on, to wit, January 28, 1901, and she had actual knowledge of the pendency of said suit from the time it was filed on the 28th of January, 1901, by T. R. Farrell and B. F. Farrell against C. J. Ochse, and knew the issues involved in said suit, and knew the fact that C. J. Ochse had acquired said deed through fraud and crooked transactions, and declared that she would have nothing to do with his crooked transactions, and never made any claim to said land, or intervened therein, or made known her claim, if any she had, and permitted innocent parties, without any knowledge of any claim that she might have to said land, to purchase same, and had stood by and permitted the defendants to purchase in ignorance of her claim or right; and these defendants now say that she never set up any claim until after more than four years after said judgment had been rendered, and after these defendants had purchased in good faith said land. They now say that they are purchasers in good faith, without any notice of plaintiff's rights, and that plaintiff is estopped by her acts and laches from now setting up any claim to said land, as against these defendants. They further alleged that said issues have been fully adjudicated in the suit above referred to, brought by T. R. Farrell and B. F. Farrell against C. J. Ochse, and by the judgment rendered therein having been brought against C. J. Ochse, the only proper party against whom said suit should be filed, and is now res adjudicata, in full force and binding on all parties, and has nev-

er been appealed from, and they now plead said judgment as res adjudicata in bar of this suit."

The defendants further pleaded: "That this suit is an attempt to attack said judgment and the proceedings collaterally, * * * and they allege that more than four years have elapsed since the said judgment was rendered in favor of J. M. Cobb v. T. R. Farrell, B. F. Farrell, and C. J. Ochse, vesting the title to said land now sued for in the said J. M. Cobb prior to the institution of this suit; and the plaintiff is barred by the statute of limitation of four years, which the defendants now plead."

This suit was filed November 9, 1907. The answers of the jury to the questions submitted to them by the court are confusing and, in some respects, contradictory; and it cannot be determined therefrom whether the jury found that T. R. Farrell intended, when he executed the deed to B. F. Farrell, that it should not take effect nor be delivered or recorded until after his death, and intended said deed to take the place of a will; nor can it be determined from said answers what the finding of the jury was upon the issue of fraud on the part of C. J. Ochse in obtaining the deed from B. F. Farrell.

If the judgment in the case of Farrell against Ochse was upon its face binding upon Mrs. Ochse, notwithstanding the fact that she was not named as a party to said suit, no other judgment than one in favor of appellees could have been properly rendered in this case, and it is unnecessary for us to discuss any of the other questions raised by the several assignments of error presented in appellants' brief, because they become immaterial.

[1] We have reached the conclusion that the judgment in favor of Cobb against Ochse was binding upon Mrs. Ochse. At the time that suit was brought, Mrs. Ochse's suit for divorce was pending; but, the divorce not having been granted, she was not a necessary party to the suit by the Farrells to recover the land from her husband. Any right or title she held in the land was a community claim; the record title being in her husband. The suit brought by her for divorce did not affect the right of parties having claims against the community, or claiming property held by the husband for the community, from prosecuting their claims against the husband alone. The power of the husband to deal with the community property pending a divorce suit is only limited by article 2983 of the Revised Statutes, which prevents him from disposing of such property in fraud of the wife's rights. It was expressly ruled, in the case of Moore v. Moore, 73 Tex. 382, 11 S. W. 396, that a judgment for the recovery of land in a suit brought against the husband during the pendency of a divorce suit by the wife was valid and binding against the wife, who obtained her divorce after the judgment for the land was rendered; there being no evidence that the suit was brought against the husband with intent to defraud the wife. This ruling is approved in the case of Boyd v. Ghent, 93 Tex. 543, 57 S. W. 25.

We do not think that the fact that Mrs. Ochse obtained her divorce prior to the rendition of the judgment against Ochse calls for the application of a different rule. The suit against the husband for recovery of property claimed by the community had the effect of bringing the community partnership before the court, and was in fact a suit against the partnership; and the dissolution of the partnership by the divorce decree did not change the status of the suit, nor require that the wife be made a party, in order that a judgment obtained in said suit would be binding upon her as a member of the community partnership. The uncontradicted evidence shows that Mrs. Ochse knew of the pendency of the suit to recover the land at the time she obtained her divorce; and, if she was unwilling to leave the defense of said suit in the hands of her former husband, she should have intervened therein and asserted her claim to the land. There is no evidence that the suit was brought against Ochse with intent to defraud the appellant, nor that there was any fraud in obtaining the judgment therein.

[2] Appellant contends that the petition in intervention filed by Cobb changed the nature and character of the original suit and the cause of action, and made it in fact a new suit, and for this reason it was necessary to make Mrs. Ochse a party, in order that the judgment obtained in said suit would be binding upon her. We do not think this contention is sound. The petition in intervention filed by Cobb, which we have before set out, set up title to the land and attacked the title of the defendant C. J. Ochse on the same ground upon which the plaintiffs in the original suit sought to defeat said title.

[3] It is further contended that the judgment is not binding upon Mrs. Ochse, because it was an agreed judgment, and was therefore binding only upon the parties to said agreement. We do not think the judgment shows upon its face that it was an agreed judgment, so far as defendant Ochse was concerned. It recites that Ochse, by his attorneys, announced to the court that he would not defend the suit further. It then recites that the deed from B. F. Farrell to C. J. Ochse was a pretended deed, and Ochse was not entitled to any interest in the land by reason of such deed, and then adjudges that such deed be canceled and held for naught and intervener, Cobb, recover the land. We think these recitals only show an abandonment by Ochse of his claim to the land, and

do not show any agreement between him and the intervener, Cobb.

[4] As we have before stated, Cobb had in fact agreed with Ochse to repay him the money claimed to have been paid by him to B. F. Farrell for the land; but the defendants knew nothing of this agreement at the time they purchased from Cobb, and we do not think the recitals in the judgment are sufficient to charge them with notice of such agreement. We think this judgment was, upon its face, a binding and valid judgment in favor of Cobb against Mrs. Ochse's community claim to the land; and, if the agreements between Cobb and C. J. Ochse affect the binding force of the judgment as to Cobb, such agreements could in no way affect appellees, who purchased upon the faith of the judgment, without any notice of such agreements.

Our conclusion being that the judgment in favor of Cobb, under which appellees purchased, was, upon its face, a valid judgment against Mrs. Ochse's community claim to the land, and if any facts existed which would render said judgment invalid appellees purchased without notice of such facts, no other judgment than one in favor of appellees could have been properly rendered. This conclusion obviates the necessity of discussing other questions presented in appellants' brief and requires that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.