MRS. L. B. GABB ET AL. v. MONROE BOSTON ET AL.

No. 2468. Decided March 21, 1917.

1.—Husband and Wife—Community Property—Action—Divorce—Parties.

A suit against the husband alone to recover community real property of himself and wife and cancel his deed thereto subjects the title of both to the power of the court to decree same to the rightful owner. The wife was not a necessary party, and was bound by the decree in the absence of fraud, though an action for divorce brought by her was pending when the suit to recover the land was brought against her husband, and a decree of divorce was pronounced before the judgment recovering the land from him was rendered. Moore v. Moore, 73 Texas, 382, and Boyd v. Ghent, 93 Texas, 543, followed. (Pp. 30, 31.)

**2.—Same—Intervention.**

A purchaser pendente lite may intervene in an action for the land by his vendor, and if the claim asserted by him (which here was that his adversary's deed was obtained by fraud) is the same which had been set up by his vendor, his intervention is not a new action, but merely the introduction of a new party since an adverse decision would have concluded him without such intervention.   (P. 31.)

**3.—Same—Case Stated.**

A wife sued the husband for divorce. Other parties then sued him for land which was community property. Afterwards she secured divorce, having abandoned in that action her prayer for partition of the community property. Plaintiff in the suit against the husband for the land then sold it to C., who paid the husband for a quitclaim deed to it, and intervened in the pending suit, setting up the same claim already asserted by his vendor, that the husband had obtained deed to the land by fraud. The husband withdrew defense to the suit and intervener had judgment cancelling the deed and recovering the land. On the faith of this decree B. purchased the land from C. without notice of C.'s having taken a quitclaim deed from the husband. More than five years after the judgment of recovery from the husband the divorced wife sued B. for her community interest in the land. Held, that she should have asserted her rights in the divorce suit, or subsequently by intervention in the action against her husband of which she had knowledge; she could not be permitted to speculate on the result of that suit; she was concluded by the judgment in favor of C. against her former husband.   (Pp. 28-32.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

Mrs. Gabb sued Boston and others for the recovery of land, and appealed from a judgment for defendants, on affirmance of which she obtained writ of error.

*J. M. Gibson, R. H. Holland,* and *Jno. B. Warren,* for plaintiff in error.—The divorce suit of Mrs. L. B. Ochse against C. J. Ochse was a proceeding in rem, of which the defendants in error were affected with notice without actual knowledge on their part; and in the same way and to the same extent they were affected with notice of the disposition made by the decree of the community estate.   Roemer v. Trayler, 128 S. W., 685; 2 Bishop, Divorce and Alimony, par. 755; Speer, Married Women, par. 354, 402; Kirkwood v. Domnau, 80 Texas, 647; 30 Cyc., 660, 678.

Regardless of the disposition made of community property in a divorce proceeding, after judgment therein the husband, as between him and his former wife, no longer represents her nor the community estate; and a purchaser from the husband after the divorce, if he seeks to subject the interest of the former wife as it existed at the time of the divorce to a suit, must make the wife a party to such suit; and it is entirely immaterial whether the purchaser had knowledge of the divorce decree or not, as the proceeding being one in rem, the purchaser or anyone claiming under him is charged in law with notice of the community claim of the wife.   Same authorities.   Also, Roller v. Reid, 87 Texas, 73; Bryan v. Lund, 25 Texas, 98; Crain v. Wright, 60 Texas,

515; Simon v. Day, 84 Texas, 520; Railway Co. v. Hathaway, 75 Texas, 557; 1 Black on Judgments, sec. 220; Hulme v. Janes, 6 Texas, 242; Witt v. Kaufman, 25 Texas Supp., 384; Berg v. Ingalls, 79 Texas, 522.

Pending a divorce suit by the wife against the husband, it is declared by statute to be unlawful for the husband to contract any debts on account of the community, or to dispose of the lands belonging to the same; and any alienation made by him after action brought is null and void if made with a view of injuring the rights of the wife. Rev. Stats., art. 2983; Berg v. Ingalls, 79 Texas, 522; Moore v. Moore, 73 Texas, 382; Boyd v. Ghent, 93 Texas, 543; Goode v. Jasper, 71 Texas, 49; Speer, Law of Married Women, secs. 324-326; Kirkwood v. Domnau, 80 Texas, 647; Whetstone v. Coffey, 48 Texas, 269; Am. & Eng. Enc. of Law, vol. 24, 740; Powell v. Campbell, 2 L. R. A., 615; Henry v. Forshee, 84 Texas, 185; Rainbolt v. March, 52 Texas, 246; Morrison v. Walker, 22 Texas, 18; Koschwitz v. Healy, 36 Texas, 666; Roberson v. McIlhenny, Hutchins & Co., 59 Texas, 615; Paschal v. Dangerfield, 37 Texas, 273; Foster v. Railway Co., 91 Texas, 631; Grandjean v. Junke, 39 S. W., 945; 30 Cyc., 660, 678; Wimberly v. Pabst, 55 Texas, 587; Johnson v. Harrison, 48 Texas, 257.

*E. P. & Otis K. Hamblen, Edward H. Bailey, William W. Anderson,* and *Ingham S. Roberts,* for defendants in error.—In a suit to recover property a wife is neither a necessary nor proper party. Boyd v. Ghent, 93 Texas, 547; Moore v. Moore, 73 Texas, 382; Breath v. Flowers, 43 Texas Civ. App., 516, 95 S. W., 26; Jergens v. Schiele, 61 Texas, 256.

The marital relation in regard to community property is analogous to an ordinary partnership, the husband being the managing partner and the wife a dormant or silent partner. Goldman v. Railway Co., 87 Texas, 567; Carter v. Conner, 60 Texas, 53.

Service on one partner will sustain a judgment against the party served and the entire partnership property. Alexander v. Stern, 41 Texas, 193; Halsell v. McMurphy, 86 Texas, 100.

A dormant partner is not a necessary party to a suit against the partnership property and is bound by a judgment against the active partners. Tynburg & Co. v. Cohen, 67 Texas, 221, and cases cited; Davis v. Bingham, 46 S. W., 840; Boehm v. Calisch, 3 S. W., 295.

The intervention of J. M. Cobb in the suit of Farrell v. Ochse and others did not set up a new cause of action, nor change the nature and character of the suit, and the judgment rendered in his favor for the land involved was binding and cannot be inquired into in the collateral proceeding. Fleming v. Seeligson, 57 Texas. 524; Campbell v. Upson, 81 S. W., 358; Foster v. G., C. & S. F. Ry. Co., 91 Texas, 633; American Surety Co. v. San Antonio Loan & Trust Co., 98 S. W., 389-405.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The suit was one instituted by Mrs. L. B. Gabb against a number of defendants for the recovery of a half interest in a tract of land of 94¾

acres which she claimed was community property of herself and her former husband, C. J. Ochse. The defendants claimed title under one J. M. Cobb, in whose favor a judgment for the land had been previously decreed against Ochse in a suit to which Mrs. Gabb was not a party.

The question in the case is whether this judgment is binding upon Mrs. Gabb.

Briefly recited, the facts are these: The land was originally owned by Thomas R. Farrell. In 1884 he made a deed conveying it to his minor son, B. F. Farrell, which, as he claimed, was not to take effect until his death. In some way, however, the deed was filed for record the day following its execution. Such title as the community estate of Ochse and Mrs. Gabb, then his wife, acquired to the land was in virtue of a deed from B. F. Farrell, conveying it to Ochse, dated September 18, 1900.

Mrs. Gabb filed a suit for divorce against Ochse on December 24, 1900, alleging the land to be their community property and praying for its partition. She subsequently abandoned all claim to it. This was recited in the divorce decree, which was rendered in her favor on March 15, 1901.

Shortly after the institution of this divorce suit, that is on January 29, 1901, Thomas R. Farrell and B. F. Farrell filed suit for the land against Ochse, alleging that he had fraudulently obtained the deed from B. F. Farrell and praying for its cancellation; also, that the title to the land had never passed from Thomas R. Farrell and that this was known to Ochse when he obtained the deed from B. F. Farrell. Later, on June 11, 1901, Thomas R. Farrell, by an amended petition in the suit, made B. F. Farrell a party defendant, repeating the allegations of fraud on the part of Ochse in the procurement of the deed from B. F. Farrell, declaring that the deed from himself to B. F. Farrell was never delivered, and praying that both deeds be cancelled. To this pleading B. F. Farrell made no answer. Ochse answered generally in the suit, and by an affirmative plea alleged his title to the land. Although the pleadings of the parties were several times amended, the cause of action asserted against Ochse remained unchanged.

On May 28, 1902, B. F. Farrell conveyed the land to J. M. Cobb. On the following day Cobb, by leave of the court, filed an intervention in the suit of the Farrells against Ochse, seeking the recovery of the land against all parties, setting up the conveyance to B. F. Farrell to himself. His petition likewise alleged that Ochse had fraudulently obtained the deed from B. F. Farrell, and sought its cancellation as a cloud upon his title.

Final judgment was rendered in the suit on June 3, 1902. The judgment decree recited the due appearance of all the parties; that Ochse through his attorneys announced that he did not care to defend the cause further; and that T. R. Farrell and B. F. Farrell by their attorney agreed that Cobb was entitled to the land. It cancelled the deed from B. F. Farrell to Ochse and decreed the land to Cobb. Before

filing his intervention Cobb had paid Ochse $700 for his. claim to the land and procured from him a quitclaim deed.

The defendants purchased from Cobb upon the faith of the judgment rendered in the cause of Farrell v. Ochse, which decreed him the land. They had no notice that Cobb had purchased Ochse's claim and obtained from him a quitclaim deed. The abstract of title, examined by the attorneys for all the defendants except Mrs. Wilson, revealed the filing of the respective suits which have been referred to, the dates when filed, and the judgments therein respectively rendered.

At the time the divorce decree was rendered in her suit against Ochse, Mrs. Gabb knew that the suit of the Farrells against Ochse, seeking the cancellation of the deed of B. F. Farrell to Ochse, had been brought and was then pending. Cobb knew of the Ochse divorce proceeding at the time he purchased the title of B. F. Farrell and intervened in the suit of Farrell v. Ochse.

In the bringing and prosecution of the suit against Ochse for the land, there was no intent to defraud Mrs. Gabb, nor was there any fraud perpetrated in the rendition of the judgment against him in Cobb's favor.

The present suit was filed November 9, 1907, more than six years after the plaintiff obtained her divorce from Ochse, and more than five years after the rendition of the judgment in the suit of Farrell v. Ochse.

Mrs. Gabb was not a necessary party to the suit of the Farrells against Ochse for the recovery of the land. The suit against Ochse alone subjected the land to the power of the court to determine whether the community estate of himself and wife had any title to it, and, if not, to decree the title to its rightful owner. Jergens v. Schiele, 61 Texas, 255. The suit did not abate upon the dissolution of the marriage. Nor was the court's jurisdiction in anywise impaired upon that account. The power of the court having been rightfully acquired, it endured for the final determination of the controversy. Invested with the authority, originally, to bind the interest of the wife, its judgment was necessarily conclusive against her in the absence of the practice of any fraud upon her rights. Jurisdiction over property lawfully obtained is not lost by a voluntary change of the owner's status.

In Moore v. Moore, 73 Texas, 382, 11 S. W., 396, pending a suit for divorce between one Rice and his wife, Rice alone was sued in another court for a tract of land, property of the community, and judgment against him was rendered. After the rendition of the judgment a divorce was granted the wife and partition of the community property ordered. The wife contended, as it is urged here, that the judgment against the husband for the land was not binding upon her because she was not a party to it. This court held that as there was no intent to defraud the wife in the suit against the husband, the judgment affecting the community land was binding upon her, although rendered while the divorce action was pending. The holding was approved in Boyd v. Ghent, 93 Texas, 543, 57 S. W., 25. The only difference between

that case and this one is that there the judgment against the husband for the land was rendered while the divorce action was pending, while here it was rendered after the divorce decree. But since the suit against the husband alone rightfully subjected the land to the jurisdiction of the court, this would not affect the application of the rule.

With us, the marital relation in respect to community property is frequently likened to an ordinary partnership. Carter v. Conner, 60 Texas, 53. In a suit against a commercial partnership which pending the suit is dissolved by the death of one of the partners, the cause may properly proceed against the surviving partner and the judgment will be good against the partnership assets. In such a case the legal representatives of the deceased partner may be made parties, but the failure to include them in the suit does not invalidate the judgment as to partnership property. Blum v. Goldman, 66 Texas, 621, 1 S. W., 899.

If in such a partnership, dissolved by death pending the action, the surviving partner has the capacity to represent it to the extent that the judgment so rendered will bind the partnership property, upon principle it must be equally true that in an action affecting property of a community partnership, dissolved pending the suit by the act of one of the parties, a judgment rendered against the partner who had the capacity to represent the estate in the first instance, will, in the absence of any fraud upon the rights of the other partner, be conclusive as to the property involved.

After the rendition of the divorce decree the relation of Mrs. Gabb to the land then in controversy in the suit between the Farrells and her husband could not be superior to that of a *lis pendens* purchaser. She was accordingly concluded by the judgment therein rendered upon the cause of action pending against her husband at the time she obtained her divorce. As the purchaser pending the action of B. F. Farrell's claim to the land, Cobb was entitled to intervene in the suit of the Farrells against Ochse. Fleming v. Seeligson, 57 Texas, 524. The cause of action asserted by him against Ochse under his intervention was the same that the Farrells were urging when the divorce decree in Mrs. Gabb's favor was rendered, namely, that he had obtained the deed from B. F. Farrell through fraud and thereunder acquired no title to the land. Cobb's intervention did not change the cause of action. It simply made a new party to it. Morales v. Fisk, 66 Texas, 189, 18 S. W., 495. A conclusive test of the identity of causes of action raised by different pleading is whether a judgment under the original pleading would bar recovery under the other. With Cobb's intervention seeking a cancellation of the same deed, upon the same ground, and under a right acquired from B. F. Farrell pending the suit, there can be no question but that a recovery by Farrell would have been a bar to Cobb's action.

The defendants purchased in reliance upon the title decreed Cobb in the suit against Ochse without notice of anything that would adversely affect the title as thus decreed, and should be protected in it Mrs. Gabb

abandoned all claim to the land, as was recited in the divorce decree. She knew of the pendency of the suit by the Farrells for the land. If she had desired to reassert a claim to the land, she should have done so in that suit following her. divorce. Instead, she stood by and permitted the judgment in Cobb's favor to be rendered. She ought not to be permitted to speculate upon the issue of that controversy and then assert her claim in a different action. She was concluded by the judgment rendered in Cobb's favor against her former husband. The Court of Civil Appeals correctly determined the case. Its judgment is affirmed.

*Affirmed.*