## DALLAS PLUMBING CO. v. HARRINGTON et al. (No. 9390.)

(Court of Civil Appeals of Texas. Dallas. June 6, 1925.)

**1. Husband and wife ⬦249—Conveyance of property to wife vested title in community estate of husband and wife.**

Legal effect of conveyance to married woman was to vest title to property in community estate of herself and husband; conveyance containing no recitation rebutting this presumption, and record showing no fact that it was intended to make property separate property of wife.

**2. Husband and wife ⬦265—During coverture, husband alone authorized to contract community debts and dispose of community property.**

During coverture, husband is head of the family, manager of the community estate of himself and wife, and is alone authorized to contract community debts and dispose of community property.

**3. Mechanics' liens ⬦277(6)—No fatal variance between allegation that husband and wife made contract and proof that husband alone made it.**

In action to recover balance due for labor and material and to foreclose the lien on community realty, where allegation was that husband and wife made contract, but evidence was to effect that husband alone made it, there was no fatal variance between pleading and proof; there being no showing that defendant was misled in any way to his detriment by such want of correspondence between pleading and proof.

**4. Mechanics' liens ⬦277(6)—Sufficient if issue raised by allegation of pleading is substantially proven by evidence.**

In action to recover for labor and material and to foreclose lien on community realty of which wife was record owner, allegation that husband and wife made contract was substantially proven, where evidence showed that husband alone made contract.

**5. Mechanics' liens ⬦281(1)—Plumbing company under Constitution and statute held to have lien on fixtures installed by it.**

Under Const. art. 16, § 37, and Rev. St. arts. 5621, 5629, plaintiff, plumbing company, *held*, under the evidence, to have a lien on plumbing fixtures and equipment installed by it, superior to lien of vendor for unpaid purchase money of property.

**6. Mechanics' liens ⬦185—Under statute, plumbing company entitled to have fixtures sold separately from other property.**

Plumbing company, having installed plumbing fixtures and equipment, was entitled, under Rev. St. arts. 5628, 5629, to have its lien foreclosed, and property installed by it sold separately from other property, if it could be done without materially injuring house or other property.

**7. Evidence ⬦19—Finding that plumbing fixtures installed were incapable of being detached without injury to house not authorized by evidence inasmuch as it could not be judicially known.**

Where no evidence was offered on issue, finding by court that plumbing fixtures and equipment could not be removed without injury to house and property was error, inasmuch as court could not judicially know such was the case.

**8. Evidence ⬦19—Matter of common knowledge that ordinarily plumbing fixtures may be detached and removed without injury to house.**

It is matter of common knowledge that ordinarily plumbing fixtures and equipment may be detached and removed without material injury to house or premises to which installed.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by the Dallas Plumbing Company against D. V. Harrington and others to recover balance due for labor and material and for foreclosure of mechanic's lien. From a judgment rendered for plaintiff against D. V. Harrington for the debt, but denying other relief, plaintiff appeals. Reversed and remanded, with instructions.

Geo. K. Holland, of Dallas, for appellant. J. J. Eckford, of Dallas, for appellees.

LOONEY, J. The Dallas Plumbing Company, appellant, sued D. V. Harrington and wife to recover a balance due for labor and material used in the installation of plumbing fixtures and equipment in a house erected by them, and to foreclose the statutory lien on the land and improvements erected thereon.

The Flippen-Prather Realty Company was made a defendant on the allegation that it was asserting title to the property; the other defendants, to wit, Leonard R. Leonard, Ray Kramer, Locksley Fife, and Fulsom Fife, were brought in on the allegation that they claimed valid mechanic's and materialmen's liens on the same land and improvements.

The case was tried by the court without a jury, and judgment was rendered for appellant against D. V. Harrington for the debt, but was denied other relief.

The only parties to this appeal are the Dallas Plumbing Company, appellant, D. V. Harrington and wife, and the Flippen-Prather Realty Company, appellees.

The facts are these:

Flippen-Prather Realty Company, a corporation, conveyed to Elizabeth Cole Harrington, wife of D. V. Harrington, a lot of land situated in the fourth installment of Highland Park addition to the city of Dallas, in consideration of $3,500, payable, cash, $87.50, and the balance evidenced by a note for $3,412.50, executed by Harrington and wife, payable to the order of the realty company,

due one year from date, and secured by a vendor's lien retained on the lot of land.

Simultaneously with the execution of the deed of conveyance, Harrington and wife conveyed to W. Worrill the land, in trust, for the purpose of securing the payment of the purchase-money note. The trust deed contained the usual provisions of such an instrument; among others, one providing for the sale of the premises in the event the grantors made default in payments.

Harrington and wife also entered into a contractor's or mechanic's lien contract with the Dallas Lumber Company to construct, according to plans and specifications, certain improvements on the land, the effect of which is that the lumber company agreed to furnish and provide labor and material to the extent of $5,250 towards the erection of the house and improvements, for which it was given, by Harrington and wife, the statutory lien on the lot and the improvements to be erected.

In consideration of the agreement by the Dallas Lumber Company to advance for labor and material the sum of $5,250 for the erection of improvements on the lot, the Flippen-Prather Realty Company executed, in writing, an instrument subordinating its vendor's lien note of $3,412.50 to the notes held by the lumber company aggregating $5,-250.

After the execution of these instruments, and while the work of erecting the house was in progress, D. V. Harrington made a parol agreement with appellant to install in the house certain plumbing fixtures and equipment amounting to the sum of $515, of which amount the sum of $250 was subsequently paid, leaving a balance of $265, for the security of which, in due time, appellant, in compliance with the statutes of the state, fixed its lien on the lot of land and improvements.

The sworn account filed by appellant in the office of the county clerk, in fixing its lien, described the fixtures and equipment installed in the house as follows: 1 L–2000 closet complete; 1 Hopper closet complete; 1 P–2317 L 5-foot bath tub complete; 1 P–3115 E 20x24 lavatory complete; 1 P–7020 18x30 sink complete; 1 No. 2 Pittsburg heater; 2 sill cocks.

Harrington and wife made default in the payment of the purchase-money note described in the deed of Flippen-Prather Realty Company to Mrs. Harrington, and, at the instance of the company, the trustee, in accordance with the provisions of the trust deed, advertised and, on the first Tuesday in June, 1923, sold the land and improvements to Flippen-Prather Realty Company for the consideration of $3,600, and at the time of the institution of this suit the realty company claimed title to the land and improvements to the exclusion of the claim asserted by appellant.

Appellant, by appropriate assignment and proposition, challenges the correctness of the finding of the court to the effect that it failed to prove the existence of a contract between it and Harrington and wife for the installation of the plumbing fixtures and equipment as alleged. Appellee answers that the finding of the court is correct, in view of the variance developed on the trial between appellant's allegations and proof.

Appellant alleged that D. V. Harrington and wife, Elizabeth C. Harrington, made a verbal contract with it for the installation of the plumbing fixtures, supplies, equipment, and labor necessary for the installation; that Harrington and wife obligated themselves to pay appellant for the plumbing material, equipment, labor, etc., the sum of $515.

The evidence introduced was to the effect that the contract for the installation of the plumbing fixtures and equipment was made between appellant and D. V. Harrington, who claimed to own the property. The sworn account filed by appellant, with the county clerk, fixing its lien, recites that the material and equipment were furnished by it to D. V. Harrington, who was the reputed owner of the house, lot, and improvements.

[1] The legal effect of the conveyance of the lot by Flippen-Prather Realty Company to Mrs. Harrington was to vest title to the property in the community estate of herself and husband. The conveyance contains no recitation rebutting this presumption, and no fact is shown in the record indicating that it was the intention of the parties to make the lot the separate property of Mrs. Harrington. Douthitt v. Farrar (Tex. Civ. App.) 159 S. W. 182; Houston Oil Co. v. Choate (Tex. Civ. App.) 215 S. W. 118.

[2] Under the law of this state, during coverture, the husband is the head of the family, the manager of the community estate of himself and wife, and, barring certain exceptions not necessary to mention in this connection, is alone authorized to contract community debts and dispose of community property.

[3] The question is, Was there a fatal variance between appellant's allegations to the effect that the verbal contract for the plumbing outfit was entered into between it and Harrington and wife, and the proof in support of the allegation to the effect that the contract was made by Harrington alone? The record fails to disclose any objection by appellees to the admission of the evidence on the ground of variance, nor is there any intimation that appellee was in the least misled to its detriment by reason of the want of correspondence between the allegations and proof. The rule in such a situation is announced in 21 R. C. L. 611, § 153, as follows:

"It is a general rule that a variance between allegations and proof, to be fatal, must be such as to mislead the adverse party to his preju-

dice in maintaining his action or defense on its merits."

In a similar situation the Supreme Court of the United States, in Davis v. Patrick, 141 U. S. 479, 490, 12 S. Ct. 58, 60, 35 L. Ed. 826, 829, said:

"As no objection was made to the admission of testimony on this ground [variance] and as an amendment of the petition to correspond to the proof would involve but a trifling change, we cannot see that there was any error in the ruling of the court. If objection had been made in the first instance, doubtless the court would, as it ought to have done, have permitted an amendment of the petition."

[4] Another rule pertinent to this discussion is that it is generally held sufficient if the substance of an issue is proven. This rule is stated in 31 Cyc. 702, as follows:

"The tendency of modern cases is to abolish the technical refinement which once prevailed in regard to variances, and, with the view to substantial justice, to require much less strictness in proof than formerly. If proof substantially supports the allegations, it is sufficient."

The allegation that the contract was made between appellant and Harrington and wife was, in substance and legal effect, proven by the evidence that Harrington alone dealt with appellant in making the contract. The house and lot, for the improvement of which the contract was made, belonged to the community estate of Harrington and wife; the husband alone was authorized to make the contract and bind the community, hence, in our opinion, the substance of the issue was established by the evidence.

A very satisfying statement of the rule of law applicable to such a situation is made in Nash v. Towne, 5 Wall. (72 U. S.) 689, 698, 18 L. Ed. 527, 528, 529, as follows:

"Undoubtedly, the rule is that the proofs must correspond with the allegations in the declaration, but the requirement in that behalf is fulfilled, if the substance of the declaration is proved. * * * Formerly, the rule in that respect was applied with great strictness, but the modern decisions are more liberal and reasonable. * * * Recent statutes in the states also confer a liberal discretion upon courts in allowing amendments to pleadings, and those statutes, together with the change they have superinduced in the course of judicial decision, may be said to have established the general rule in the state tribunals that no variances between the allegations of a pleading and the proofs offered to sustain it, shall be deemed material, unless it be of a character to mislead the opposite party in maintaining his action or defense on the merits."

To the same effect, see Standard Oil Co. v. Brown, 218 U. S. 78, 30 S. Ct. 669, 54 L. Ed. 939, 945; Butterworth v. Teale, 54 Wash. 14, 102 P. 768, 18 Ann. Cas. 854; Mankin v. Jones, 63 W. Va. 373, 60 S. E. 248, 15 L. R. A.

(N. S.) 214; Jergens v. Schiele, 61 Tex. 255, 258; Boyd v. Ghent, 93 Tex. 543, 57 S. W. 25; Gabb v. Boston, 109 Tex. 26, 30, 193 S. W. 137; McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721, 722; Cooley v. Miller (Tex. Com. App.) 228 S. W. 1085.

We therefore sustain the contention of appellant that the trial court erred in its finding to the effect that appellant failed to establish the existence of the contract between it and Harrington and wife for the installation of the plumbing fixtures and equipment. The issue was established by the evidence adduced.

Appellant contends, further, that the court erred in refusing to recognize and foreclose its statutory lien on the plumbing fixtures and equipment installed by it in the house belonging to the Harringtons. Appellees answer this contention with the proposition that, in view of the finding of the court to the effect that the material and things furnished and installed by appellant were incapable of being detached from the premises without injuring the other property, the court committed no error in refusing to foreclose appellant's alleged lien.

[5, 6] Under the provisions of the Constitution (section 37, art. 16) and of the statute (article 5621), appellant, as an original contractor, has a lien on the plumbing fixtures and equipment installed by it, and this lien is superior to the lien or incumbrance held by Flippen-Prather Realty Company for unpaid purchase money. Appellant is entitled to have these plumbing fixtures and equipment sold separately from the other property, provided this can be done without affecting in a material way the rights of other interested parties. Revised Statutes, art. 5628. This right, under the statute, is made perfectly plain by the Supreme Court in Summerville v. King, 98 Tex. 332, 339, 83 S. W. 680, 682. The court said:

"It will be seen from these provisions that as against the rights of the lienholder the improvements did not become a part of the real estate, but are treated as if they had been made under a contract for removal, because the statute provides that the foreclosure may be had upon the house [or improvements] alone, and that the purchaser might remove it, which could not be done consistently with the proposition that such improvement became a part of the realty."

[7, 8] Therefore, unless the plumbing fixtures and equipment installed by appellant are so built into and form a part of the house and premises as that they cannot be detached and moved without material injury to the house and premises, appellant is entitled to have its lien foreclosed and the property ordered sold separately. Revised Statutes, art. 5629. The question then is, Was the finding of the court, to the effect that the material and things installed by appellant were incapable of being detached from the premises

without injury to the other property, authorized by the evidence? The record before us fails to disclose any evidence offered on this issue, and we do not think the court could judicially know that the plumbing fixtures and equipment in question were incapable of being detached and removed from the premises without injury to the other property. On the contrary, it is a matter of common knowledge that ordinarily such fixtures and equipment as were installed, to wit, a closet, bath tub, lavatory, sink, and heater, and installation equipment, may be detached and removed without material injury to the house or premises in which they are installed. We are therefore of the opinion that the finding in question is without evidence to support it.

Because of the errors heretofore indicated, the cause will be reversed and remanded to the trial court, with instructions to hear evidence and ascertain whether part or all of the plumbing outfit installed by appellant can be detached and removed without serious injury to the other property, and to foreclose appellant's contractor's lien on such as may be thus removed, as against appellees, and that the same be ordered sold for the satisfaction of the judgment rendered in its favor against D. V. Harrington, with interest and costs.

Due consideration has been given the other assignments and propositions urged by appellant but, as we find them without merit, they are overruled.

Reversed and remanded, with instructions.