## CUSHING v. RIDDEL. (No. 1498.)

(Court of Civil Appeals of Texas. El Paso. Oct. 25, 1923.)

1. **Pleading ⬤➾430(2)—Variance waived by failure to object, while pleading might be amended to conform to proof.**

Where no objection to the variance in proof of dates and amounts of notes, asserted by defendant to have been paid, was made at any time when the pleading could have been amended to meet the proof, and evidence thus admitted was sufficient to justify submission of the issue of payment, a refusal to direct a verdict for plaintiff was not error.

2. **Bills and notes ⬤➾489(7)—Defense to notes executed in excessive amounts was not confined to allegations as to which proof was in variance.**

Where, in a suit on two notes totalling $7,000, defendant alleged he was fraudulently induced to sign the notes in an amount in excess of $16,000 of the proper amount, and specifically named three notes totaling $15,592.74, and alleged their payment, but the evidence adduced described a note for $8,240 of a different date, defendant was not confined to the proof of the specific notes, since the allegation of the execution of the notes in an excessive amount set up a failure of consideration to that extent and permitted him to establish that fact by any competent evidence, so that, if the evidence supported the finding that a note for $8,240 was paid prior to the execution of the notes sued on, and this amount was included in them, he was entitled to recover upon the pleadings.

3. **Mortgages ⬤➾40—Order foreclosing trust deed would not have been justified by reason of lack of description of land and indebtedness.**

Where, in a suit to foreclose a trust deed, the evidence showed that it was the understanding of the parties to the deed that the mortgagor would secure a description of the land and that the trustee might subsequently insert it, but that was not done, and in addition the deed did not indicate that the indebtedness sued on was the indebtedness sought to be secured by the deed, the trial court would not have been justified in ordering a foreclosure.

4. **Evidence ⬤➾354(5)—Fact that bank cashier had testified to facts at issue in connection with bank's books, would not constitute ground for excluding ledger sheets.**

In a suit by a bank, wherein the issue was whether certain of defendant's notes had been paid, *held* that, if all of the transactions between the parties were accurately reflected by the bank's ledger sheets and books as testified to, and a predicate sufficiently laid for the introduction of the books, the fact that the witness had testified to the facts in issue in connection with the bank's books would not be ground for excluding the sheets.

5. **Evidence ⬤➾376(6)—Exclusion of permanent ledger sheets and books, except so much as were entered by witness, held reversible error.**

Where, in a suit by a bank on notes given on account, the undisputed evidence identified the various bank ledger sheets and records as evidencing the transactions between the parties, and that the entries were correctly kept under the supervision of witness, exclusion of bank's ledger sheets and books, except so much as had been entered in person by the witness, *held* reversible error.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by the Federal Reserve Bank of Dallas against George Riddel, in which E. B. Cushing, receiver of the First National Bank, of Ranger, intervened. Before trial, the Federal Reserve Bank and defendant made settlement, and the trial was continued between defendant and the receiver. Judgment for the defendant, and the receiver appeals. Reversed and remanded.

Turner & Seaberry, of Eastland, for appellant.

A. J. Power, of Fort Worth, for appellee.

WALTHALL, J. This suit was originally brought by the Federal Reserve Bank of Dallas against appellee, George Riddel, on a promissory note for $15,000 and to foreclose on a chattel mortgage on certain cattle given to secure the note. The said note and mortgage were made in favor of the First National Bank of Ranger, and thereafter transferred to the Federal Reserve Bank.

Appellant, Cushing, acting receiver of the First National Bank of Ranger, intervened in behalf of the bank and alleged that there had come into his hands as assets of the bank two certain notes executed by appellee, George Riddel, in favor of the bank, one for $2,000 and one for $5,000, each bearing interest and containing the usual attorney's fee clause, and each secured by the same chattel mortgage declared on by the Federal Reserve Bank, and that in addition thereto the $5,000 note was secured by a deed of trust on certain lands described.

The Federal Reserve Bank and the receiver each sought judgment for the several amounts sued for and foreclosure of the liens asserted.

George Riddel answered, alleging that his signature to the notes sued on had been secured through fraud upon the part of the officials of the First National Bank, in this, that his mother, Mrs. R. E. Riddel, and he were both indebted to the First National Bank in a sum aggregating $25,000; that thereafter he and his mother deposited in said bank something over $29,000; that at that time the bank "credited to themselves $2,775, $5,325.24, and $7,492.50, and marked as paid the notes aggregating said amounts, and notes

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

having been executed by Mrs. R. E. Riddel, mother of the defendant, George Riddel, and charged said amounts to the account of Mrs. R. E. Riddel;" that afterwards, when the notes in suit were executed, the bank represented to him (George Riddel) that none of said notes had been paid, and the aggregate of the notes sued upon by the Federal Reserve Bank, together with the notes shown in the petition of the intervener bank were "carried forward in the notes sued upon;" that by said fraudulent misrepresentations said bank obtained his signature to said notes to an amount in excess of $16,000 of the amount that notes should have been executed by him at said time.

Appellant intervener joined issue on the above allegation of fraud and payment.

During the pendency of the suit and prior to the trial a settlement was had between the Federal Reserve Bank and appellee, Riddel, and the trial was on the issue between the intervener and Riddel.

On special issues submitted and found by the jury, judgment was rendered in favor of Riddel, from which judgment intervener, receiver of the bank, prosecutes this appeal.

On the conclusion of the evidence appellant submitted and requested the court to give a peremptory charge in his favor for the amount of the two notes sued on and a foreclosure of the deed of trust on the undivided 400 acres of land referred to in the deed of trust out of the O. R. Riddel ranch. The court refused to give the requested peremptory charge.

On the special issues submitted the jury found: The item deposited to the credit of Mrs. R. E. Riddel on July 11, 1919, was not a deposit of cash; the amount claimed by the First National Bank of Ranger as being due by George Riddel to the bank, and for which he executed his note on July 13, 1920, included the $8,240 (note) executed by Mrs. R. E. Riddel, mother of George Riddel, which (note) was paid by her on July 2, 1919; Mrs. R. E. Riddel did not deposit a note with the First National Bank of Ranger for which she received a credit of $10,000 on July 11, 1919; the amount claimed by the First National Bank of Ranger as being due by George Riddel to the bank, for which he executed his note on July 13, 1920, included the $2,700 (note) executed by Mrs. R. E. Riddel, which (note) was paid by her on July 2, 1919.

Appellant's first proposition complains of the refusal of the court to instruct the verdict in his favor. By the second and third propositions appellant insists the court erred in submitting the above-stated issues inquiring about the notes of Mrs. R. E. Riddel for $8,240 and $2,700, each of said notes paid by Mrs. Riddel on July 2, 1919. The fourth proposition asserts error in not rendering judgment for appellant, the jury having found that the $10,000 credit of July 11, 1919, was not a cash deposit. The fifth point of appel-

lant has reference to the exclusion by the court from consideration by the jury certain bank ledgers and books kept by the bank, and having reference to the transactions between the parties in this suit.

[1] Without stating the evidence in detail, as disclosed by the record, same being too voluminous to reproduce here, we have concluded that the court was not in error in not instructing the verdict in favor of appellant. True there was an apparent variance between the pleading of appellee and the proof offered as to the date and amount of the notes alleged to have been paid by Mrs. Riddel and brought forward as unpaid, but no timely objection having been made to the evidence offered as to the several amounts paid, the evidence was permitted to go to the jury, and it seems sufficient to justify the submission of the issue of payment as to said amounts. The point of variance between the pleading and the evidence offered is to the effect that the note paid by appellee's mother, but brought forward as unpaid, was alleged to have been in the sum of $7,492.50, while the evidence offered showed that the note was for $8,240, and of a date different to that alleged. No objection as to variance was made at any time when the pleading could have been amended to meet the proof, and the variance thus avoided. The rule has too often been announced to require reference, but see L. R. A. 1916D, at page 843 et seq.

[2] Again: Whilst appellee specifically named three notes and alleged their payment by his mother, and the evidence does not tend to identify them as described or of date of payment, but is concerning a note for $8,240, paid July 2, 1919, as submitted by the second issue, he is not confined to proof of specific notes in order to have his judgment under his answer, for, in addition to naming these notes, he alleges that he was "fraudulently induced to sign the notes to an amount in excess of $16,000 of the amount that notes should have been executed by him." This seems to set up failure of consideration to that extent, and permit him to establish the fact by any competent evidence at his command; so if the evidence supports the finding of the jury that a note for $8,240 was paid prior to the execution of the notes sued on, and this amount was included in them, he is entitled to recover upon the pleadings above noted. But the case will be reversed on another ground, and the error here complained of may not occur on another trial.

[3] Appellant's requested peremptory instruction also asked for a foreclosure of the deed of trust on the undivided 400 acres of land. In our opinion the court would not have been justified in ordering a foreclosure of the deed of trust had appellant secured a judgment for any amount. The deed does not describe the land conveyed, nor can the land be identified or made certain by any reference in the deed. The evidence shows

that it was the understanding of the parties to the deed that Riddel would later secure a description of the land, and that the trustee mentioned in the deed might later insert the description of the land in the deed, but no description was ever furnished and inserted in the deed. Again, the deed of trust does not describe or in any way indicate the indebtedness sued on as the indebtedness sought to be secured by the deed of trust. The instrument seems to have been a blank form signed by appellee and his acknowledgment taken by the cashier of the bank.

[4, 5] The only other proposition we deem it necessary to pass upon is the assigned error of excluding as evidence the permanent ledgers and book records of the bank covering the banking transactions between the bank and the appellee and his mother, except so much thereof as had been entered by the witness Parks and testified to by him.

The nine exhibits covering the items offered in evidence embraced in the bill of exceptions cover about fourteen pages of the transcript, and include items or entries on the permanent ledgers and books of the bank, occurring prior to the time when the witness Parks was connected with the bank, and of which the witness Parks had no personal knowledge. But few of the items have dates.

The undisputed evidence identified the various sheets and records of the First National Bank as evidencing the transactions between the bank, the defendant, George Riddel, and his mother, Mrs. R. E. Riddel, and especially the transaction here in controversy, and that the entries on said records were made on the day they occurred; that said records were correctly kept under the supervision of the witness T. E. Parks, by capable and efficient employees; that said books had been kept in daily balance with the cash on hand in said bank; that they had been taken over by the comptroller of the currency upon the closing of the bank. The defendant had introduced a statement of the bank, taken from the ledger sheet, covering the account of Mrs. Riddel, upon which he relied in part to establish his defense; the point at issue being whether or not certain notes owing by the defendant's mother, Mrs. Riddel, to the bank, admittedly assumed by defendant, and which assumed indebtedness, evidenced by said notes or renewals thereof, admittedly constituted a part of the consideration of the notes sued upon, had been paid at the time of the execution of the notes sued upon. The appellant offered as evidence all of the books of said bank covering the accounts of the defendant, George Riddel, and his mother, Mrs. R. E. Riddel, both individually and in connection with their joint liability.

On the exhibits entries in the handwriting of T. E. Parks are indicated. On the tender of said evidence, and on objection of defendant (the ground of objection not indicated by the record) the court ruled as follows:

255 S.W.—31

"The objection of the defendant to the introduction of the record testimony, offered in evidence by intervener, covering various sheets identified as records of the First National Bank of Ranger, is sustained in all respects except the court will admit in evidence the testimony of the witness Parks, wherein he identifies the deposit slip made on July 7, 1919, covering a purported deposit of $10,000 to the credit of Mrs. R. E. Riddel, and his testimony, as to the entries made by him at the time of the deposit slip, which will be admitted for the consideration of the jury. The remainder of the testimony will be excluded from the consideration of the jury."

The bill of exceptions contains a detailed statement of questions to and answers of the witness Parks as to the accounts appellee and his mother had with the bank, as shown by the ledger sheets and bank book accounts as disclosed by the several exhibits, in connection with and explanation of bank statement offered in evidence by the defendant. Following the questions and answers of the witness Parks, the bill of exceptions recites:

"By the court's ruling above set forth the preceding testimony of the witness Parks was excluded from the consideration of the jury and stricken from the records; the testimony having shown that none of the individual ledger sheets kept on the posting machine were in the handwriting of said witness nor was any part of the teller's cash sheets in his handwriting."

The witness Parks first became connected with the bank on January 1, 1919, as assistant cashier, and served in that capacity until in the spring or summer of 1920, at which time he was made vice president and served in that capacity until the bank closed, February 17, 1921. He states that:

"During the course of my duties, which I have just detailed, I had occasion to supervise and look after the records, the ledgers, and what they call bills receivable ledgers and teller sheets and individual ledger. I had knowledge of all entries made that appear on those ledger sheets. * * * I did not keep these books that I have before me here. The $8,240 and the $2,700 entries were made by me, but the last ones were not. As to whether or not I only know they are correct because they are there in the bank, I think they are correct because the business of the bank was balanced each day, and all items are transferred on the teller sheet and balanced with the records that way."

We think the record makes it clear that the witness had no personal knowledge of any of the several transactions in controversy between Mrs. Riddel and the defendant and the bank, other than such items as were testified to by the witness and as to items not testified to witness had only such information as appeared from the bank books. Such seems to be the testimony of the witness Parks with reference to the exhibits sought to be introduced. Parks was the only wit-

ness offered as to the matters contained in the exhibits.

It seems to us that much of the records of the bank contained in the excluded exhibits are so foreign to the matters in controversy as to be confusing rather than of assistance in determining the facts at issue. The condition of the accounts between the bank and appellee and his mother in 1917 and 1918, long before the matters in controversy arose, and about which there was no controversy, could hardly shed light upon particular items and matters occurring in 1919 and subsequent years. It is insisted by appellee that some of the exhibits and entries as to items in other exhibits were admitted in evidence, but we have been unable to determine from the record just what was excluded and what admitted, as the objection to the admission of the exhibits seems to have been passed upon after much of the evidence had been heard.

' The witness Parks testified that he could take the bank's ledger sheets showing note transactions with the Riddel cattle account, and in connection therewith explain just what went with the money Mrs. Riddel deposited on dates involved in the controversy, and the witness was permitted to use the ledger sheets and testify as to the items there shown and in explanation of what went with the money deposited as shown by the ledger sheets. The court seems to have excluded all ledger sheets and books except so much as had been entered in person by the witness Parks. If all of the transactions between the parties were accurately reflected by the ledger sheets and books of the bank, as testified to, and the predicate sufficiently laid for the introduction of the bank's books, the fact that the witness had testified to the facts at issue in connection with the bank's books, would not be ground for excluding the sheets themselves.

In view of the holding by the Commission of Appeals in Heid Bros. v. Commercial National Bank (Tex. Civ. App.) 240 S. W. 908, 24 A. L. R. 904, we thing the exclusion of the exhibits presents reversible error.

For reason stated, the case is reversed and remanded.