**SOUTHERN DISCOUNT CO. v. ROSE et al.**
**(No. 975–4816.)**

Commission of Appeals of Texas, Section A.
June 25, 1927.

1. **Commerce** ⬅8(1)—**Congress has exclusive power to regulate interstate commerce under federal Constitution.**

Federal Constitution confers on Congress the exclusive power to regulate interstate commerce, and the state has no authority to enact a law interfering with this power.

2. **Commerce** ⬅69(1), 80—**Foreign corporation selling goods in interstate commerce cannot be required by state to secure permit, or denied by state right to sue for purchase price.**

State has no power to require a foreign corporation selling goods in interstate commerce to secure a permit to do business, or to deny it the right to sue for the purchase price, as this would be a regulation of interstate commerce.

3. **Commerce** ⬅40(1)—**Contract for sale and installation of gas plant to be transported from another state and to be installed by corporation not licensed to do business in state by use of materials and labor secured locally held interstate.**

Contract for sale and installation of an acetylene gas plant, made by agent of corporation of another state, providing for sale f. o. b. point in that state, that the buyer should pay the freight and the wages of a service man to

install it, and that the corporation should furnish pipe and other materials for the installation from points within the state, *held* a transaction in interstate commerce, and corporation without permit to do business in state could nevertheless recover.

**Error to Court of Civil Appeals of Fourth Supreme Judicial District.**

Suit by the Southern Discount Company against J. W. Rose and another. Judgment of dismissal was affirmed by the Court of Civil Appeals (290 S. W. 861), and plaintiff brings error. Reversed and remanded to county court for trial.

Paul H. Brown, of Karnes City, and Chase Harding, of Crawfordsville, Ind., for plaintiff in error.

J. R. Garnand, of Jourdanton, for defendants in error.

BISHOP, J. The Johnson Acetylene Gas Company, a foreign corporation of Indiana, which had not obtained a permit to do business in this state as required by our statutes, sold defendant in error J. W. Rose of North Pleasanton, Atascosa county, Tex., an acetylene gas plant, consisting of a generator, a water heater and tank, and heating and lighting fixtures and appliances. Rose executed his note for the amount of the purchase price. The plant was sold f. o. b. the car at Crawfordsville, Ind. The sale was made through a soliciting agent in Texas, and under the terms of the contract, Rose was to pay the freight on the shipment and the wages of the service man who was to install the plant in Rose's home in North Pleasanton. In installing the plant the gas company was under obligation to supply, and did supply, from points within this state, between 150 and 175 feet of three-fourths inch and three-eighths inch piping, together with elbows, joints, and unions for distributing the gas when generated to various parts of the premises, and also 100 pounds of carbide with which to set the plant in operation and test its efficiency.

The gas company indorsed the note to plaintiff in error, Southern Discount Company, and this suit was brought by it to recover thereon. Defendant in error Rose in defense alleged that the gas company was transacting and soliciting business in this state without a permit as required by law, and that plaintiff in error was a collecting agency for the gas company, "and was incorporated as a subterfuge for the purpose of enabling the gas company to evade its responsibility under the laws of Texas," and not entitled to maintain this suit.

The county court held that the gas company was transacting business in this state without having obtained a permit as required by the statutes of this state, and rendered judgment dismissing the case. This judgment was by the Court of Civil Appeals affirmed. 290 S. W. 861.

[1-3] Our federal Constitution confers upon Congress the exclusive power to regulate interstate commerce, and the state is without authority to enact a law which would interfere with this power. The purchase of the gas plant to be transported from Indiana to this state was an interstate transaction, and one which the state by statutory enactment had no power to regulate or control by requiring a permit or denying the seller the right to institute suit in the courts of this state to enforce payment of the purchase price. "The right to make an interstate commerce contract," such as the one here involved, "includes in its very terms the right to incorporate into such contract provisions which are relevant and appropriate to the contract made." The agreement to supply materials and labor, whether from points within or without this state, for the purpose of installing the plant and thereby performing the obligation imposed under the terms of the contract, was relevant and appropriate to a transaction inherently interstate in character. The materials and labor supplied were essentially connected with the subject-matter of the sale. This case, in its facts, presents the question of law decided by the United States Supreme Court in the case of York Mfg. Co. v. Colley, 247 U. S. 21, 38 S. Ct. 430, 62 L. Ed. 963, 11 A. L. R. 611. See, also, McCaskey Register Co. v. Mann (Tex. Civ. App.) 273 S. W. 1113.

We recommend that the judgments of both courts be reversed, and the cause remanded to the county court for trial.

CURETON, C. J. Judgments of the county court and Court of Civil Appeals both reversed, and cause remanded to the county court as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.