## J. B. COLT CO. v. McBURNETT. (No. 7870.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 5, 1927.

1. Sales ⟞⟝50, 288(2)—Buyer retaining and using goods may not set up warranty or fraud to avoid payment of note.

Buyer of goods, retaining and using them, may not set up rescission of contract and avoid payment of note given for them on ground that goods did not conform to warranty agreements and conditions which through fraud, accident, and mistake were not included in written contract.

2. Commerce ⟞⟝40(1)—Accepting order outside state by foreign corporation without permit to transact business in state for goods shipped from outside state and installed in state held valid contract.

Where order for goods was accepted outside state by foreign corporation having no permit to transact business in state, and goods were shipped from point outside state into state, and installed, there was interstate shipment and valid contract, regardless of corporation's lack of permit to transact business in state.

3. Sales ⟞⟝52(5)—Evidence held not to show accident, mistake, or fraud in executing contract of purchase of acetylene generator.

In action on note given for acetylene generator and equipment, evidence *held* not to show fraud, accident, or mistake in not including in written contract certain agreements and warranties as claimed by buyer.

4. Appeal and error ⟞⟝1175(5)—Where action was fully tried, appellate court on reversal will render proper judgment.

In action on note, where case was fully tried and all evidence developed, after reversal, appellate court will render proper judgment.

Appeal from Nueces County Court; Nat Benton, Judge.

Action by the J. B. Colt Company against W. B. McBurnett. From a judgment of dismissal, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

McCampbell & Holt, of Corpus Christi, for appellant.

E. P. Scott, of Corpus Christi, for appellee.

COBBS, J. J. B. Colt Company, a New Jersey corporation, having no permit to do business in Texas, filed this suit in the county court of Nueces county against W. B. McBurnett, based on a promissory note evidencing an obligation created by a contract in writing consisting of an order in writing made by W. B. McBurnett, directed to the J. B. Colt Company at Kansas City, Mo., requesting shipment to him of an acetylene generator, together with equipment, which order by its terms became a contract on acceptance by an officer of the company. Said order was accepted by an officer of the J. B. Colt Company at Kansas City, Mo., and became a contract.

The contract provided for shipment of the merchandise f. o. b. factory, and further provided that same would not be installed by the J. B. Colt Company. At the time of signing said order, W. B. McBurnett signed an instrument in writing, designated "Order to Installing Contractor," wherein he appointed L. L. Roberts to select a contractor to install the plant for him, to whom he agreed to pay the sum of $46 for the installation work when completed. Said installment contract was to be complete when accepted by some person prepared to do the installing. By its provisions, the installer was to be selected by the agent named by McBurnett without reference to W. B. McBurnett and without any liability therefor to J. B. Colt Company. By that installment order, W. B. McBurnett assumed supervision of the installation, and J. B. Colt Company assumed no responsibility whatever therefor.

W. B. McBurnett defended, alleging total failure of consideration, and that by fraud, accident, and mistake the contract did not represent the true agreement made, and on the further grounds that the transaction was intrastate, and, since J. B. Colt Company had no permit to do business in Texas, it had no right to maintain this suit in the courts of Texas.

On trial of the case, the note and contract between W. B. McBurnett and J. B. Colt Company and the installment contract between W. B. McBurnett and G. M. Roberts, who was the installing contractor, were offered in evidence. W. B. McBurnett testified that he did not hire G. M. Roberts, and that G. M. Roberts was sent to do the work of installation by the J. B. Colt Company and was never in his employ; that G. M. Roberts took the note provided for in the contract and offered to discount it for him.

In rebuttal, the J. B. Colt Company showed that the generator and equipment met the warranty specified in the contract, and that same was shipped to W. B. McBurnett at Robstown, Tex., from Speedway, Ind., f. o. b.

The cause was submitted to the jury on special issues, in answer to which the jury found that J. B. Colt Company was doing business in Texas and installed the generator and equipment, that by fraud, accident, and mistake the contract failed to contain the warranty, agreements, and conditions of the contract completed between the parties, and that the generator and equipment appliances and supplies contracted for by W. B. McBurnett and delivered to him by the J. B. Colt Company met the warranty made in the written contract.

The attorneys for both parties argued the case before this court orally. Appellant filed

---

⟞⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
1 S.W.(2d)—25

a very full and complete written brief and argument. The appellee filed no written brief or argument.

The case presents but two material questions for decision; that is, Was the shipment interstate, requiring a written permit to do business in Texas because appellant was a foreign corporation? or, conversely, Was the shipment intrastate?

[1] The appellee received the goods, and, having retained and used the same, is in no position to set up any defense of recission and thus avoid the payment of the note, for he, by his conduct and acts, has estopped himself to rescind, and is in no position to evade the payment of the note.

The contract introduced in evidence, styled "Order to Installing Contractor," provided:

"(6) Install or lay piping, in building or underground outlet, in addition to the above, as he may be directed by the undersigned before commencement of the work, upon payment by the undersigned for such work at the regular schedule of prices charged by the installing contractor for such character of work * * * and provided the necessary extra material be supplied to the installing contractor by the undersigned in time so that the extra work may be performed without delay.

"The undersigned agrees to pay in cash to the installing contractor upon completion of above work $46.00, which said sum does not include the cost of any extra work specified in above paragraph numbered (6) and which extra work is to be paid by the undersigned as specified in said paragraph. The undersigned further agrees to furnish carbide generator, carbide, and all necessary material for the performance of the above work; to haul installing contractor and his workman, and all necessary material, from and to the railroad station; to board installing contractor and his workman during performance of work; to make excavation 7 to 9 inches deep and not less than 4 feet wide, for the generator to stand in, and to do all trenching and refilling.

"This order is delivered by the undersigned to L. L. Roberts, whom I authorize to unconditionally deliver the same, or cause to have it unconditionally delivered, to an installing contractor (to be selected without further reference to undersigned, and without any liability therefor to J. B. Colt Company, its agents or employees, for acceptance). This order shall become a contract between the installing contractor and the undersigned when accepted in writing by the installing contractor and the undersigned when accepted in writing by the installing contractor in the space below. * * * This order, when accepted, shall be a complete and independent contract between the undersigned and the installing contractor, which cannot be canceled, altered, or modified by either party hereto except by a further agreement in writing signed by both parties.

"W. B. McBurnett.

"Accepted 11–18–1924. G. M. Roberts, Installing Contractor."

[2] The facts in this case show beyond controversy an interstate shipment and a valid contract. Such is the settled law in this state.

St. Louis Expanded Metal Fire Proofing Co. v. Beillarz (Tex. Civ. App.) 88 S. W. 512; S. R. Smythe Co. v. Fort Worth Glass & Sand Co., 105 Tex. 8, 142 S. W. 1157.

The law seems settled that a sale of its products by a foreign corporation, though without a permit to do business in the designated state, and shipped by the seller to the buyer in the state, is interstate commerce, and the seller may maintain his suit in the courts of this state for the recovery of the price, so that the transaction retains its interstate character, provided the corporation exercises no dominion over the commodity in such manner as to create competition with citizens doing business in the state. The fact of installation of the product sold does not deprive the transaction of its interstate character unless the work done is not relevant to or immediately connected with the sale.

It is held in Southern Discount Co. v. Rose (Tex. Com. App.) 296 S. W. 482:

"'The right to make an interstate commerce contract,' such as the one here involved, 'includes in its very terms the right to incorporate into such contract provisions which are relevant and appropriate to the contract made.' The agreement to supply materials and labor, whether from points within or without this state, for the purpose of installing the plant and thereby performing the obligation imposed under the terms of the contract, was relevant and appropriate to a transaction inherently interstate in character. The materials and labor supplied were essentially connected with the subject-matter of the sale."

See York Mfg. Co. v. Colley, 247 U. S. 21, 38 S. Ct. 430, 62 L. Ed. 963, 11 A. L. R. 611.

[3] There is no merit in the plea of fraud, accident, or mistake. There was no evidence whatever to support it. On the contrary, appellee's testimony shows to the contrary. Among other things, he testified:

"Roberts did not undertake to read the order to me, and did not undertake to tell me anything that was in the order, and I did not look at it or pay any attention to it. I just signed it. There was no discussion between us as to the terms of the contract, and he did not tell me that the order I was signing contained any representation as to the fitness of the plant for the purposes for which I told him I was buying it. I was not prevented from reading the contract, and could have read it had I desired to do so."

See Murray Gin Co. v. Putman, 61 Tex. Civ. App. 517, 130 S. W. 631.

[4] This case seems to have been fully tried, and all the evidence developed, so that to return it for another trial would be a useless waste of time and expense, from which no good could result. It is therefore the judgment of this court that the judgment of the trial court dismissing this case be reversed and that judgment be here rendered that J. B. Colt Company recover of and from appellee

the principal of the note sued on, together with 6 per cent. interest thereon from its maturity, together with 15 per cent. attorney's fees thereon.

Reversed and rendered.