ROBERTS v. J. B. COLT CO.
No. 710.

Court of Civil Appeals of Texas. Eastland.
July 11, 1930.

Rehearing Denied Sept. 19, 1930.

was warranted to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship; that the plant was not worth the price contracted to be paid, but was worth only $50, which amount had theretofore been paid on the notes. Appellant further sought damages which he alleged were sustained on account of the manner in which the plant was installed in his home. A jury was demanded, and the cause was submitted on two issues. These issues submitted only the matters pleaded by appellant in his answer, and were answered against him. There was no necessity to submit any issues on the cause of action alleged by appellee, because there was no issue of fact as to the execution of the notes or as to the credits to which same were entitled. No objections whatever were filed to the court's charge, and no bills of exceptions appear in the record.

The first question presented for decision is whether appellee pleaded and proved facts entitling it to maintain the suit. It alleged in its petition that it was a foreign corporation, duly incorporated under the laws of the state of New York, with a permit to transact business in the state of Texas. Following this allegation was the following: "Plaintiff further alleges that this transaction was by written contract, in which the contract was not binding until approved by the company at Kansas City, Mo. That this is an interstate shipment, and is in no way subject to the laws of this state concerning such shipments."

There was no proof that appellee had a permit to transact business in this state, but the proof supported the allegation that the shipment was interstate. We do not find it necessary to set out the facts which were developed concerning the character of contract and shipment. It is sufficient to state that the transaction was substantially the same as that involved in the case of J. B. Colt Company v. McBurnett (Tex. Civ. App.) 1 S.W.(2d) 385. On the authority of that decision, and the cases there cited, it is our opinion that the facts in the instant case show a valid contract for an interstate shipment. A foreign corporation, though without a permit to do business in this state, may maintain a suit in the courts of this state for the recovery of the price of its products, if the transaction is interstate in its character. J. B. Colt Co. v. McBurnett, supra, and authorities there cited. Proposition No. 1 is overruled.

It is presented that there was a fatal variance between the allegations and proof in the following particulars: (1) appellee alleged that said notes provided "defendant will pay 15% attorneys' fees on the princi-

Ratliff & Ratliff, of Haskell, for appellant.
Cox & Hayden, of Abilene, for appellee.

HICKMAN, C. J.

The appeal is from a judgment in favor of appellee against appellant on two promissory notes. The defense pleaded was in the nature of a cross-action for breach of warranty. The execution of the notes was admitted, but it was alleged that same were given in payment of a lighting plant, which

pal and interest due if said notes are collected by suit," whereas the notes provided for 15 per cent. for attorney's fees, "if not paid at maturity"; (2) it was alleged that one of the notes was dated September 5, 1924, when in fact same was dated September 5, 1923. No objections were made to the introduction of the notes in evidence on account of any variance. The appellant on the witness stand acknowledged the execution of the very notes introduced, and there is no suggestion that he was misled in any manner by the allegations of the petition. The question is raised only by a request for a peremptory instruction and by objections to the judgment in the motion for new trial. The general rule is well established in this state that, for a variance to be fatal, it must be material. We cited a number of authorities on this question in Goodwin v. Abilene State Bank, 294 S. W. 883 (error refused). A large number of Texas cases so holding are collated in 49 C. J. p. 810, note 50. This general rule is applicable to actions on bills and notes. 6 Tex. Jur. 945, § 271, and the authorities cited therein. In the same volume, on page 947, § 272, it is stated: "A discrepancy between the recital of the date of the execution of the instrument, or of its maturity, and the actual date or maturity of the paper does not constitute a fatal variance." This statement in the text is supported by many cases, among which are the following: National Bank of Rockwall v. Stephenson, 82 Tex. 435, 18 S. W. 583; Trabue v. Stonum, 20 Tex. 453; Finklea v. First State Bank (Tex. Civ. App.) 247 S. W. 320; Smith v. Citizens' National Bank (Tex. Civ. App.) 246 S. W. 407; Patton v. Crisp & White (Tex. Civ. App.) 11 S.W.(2d) 826.

█ Where the variance amounts to no more than a misdescription, the question cannot be raised in a request for peremptory instruction, where no objection was made to the evidence at the time same was offered. Cushing v. Riddel (Tex. Civ. App.) 255 S. W. 479; Orange & N. W. Railway Co. v. Tatum (Tex. Civ. App.) 261 S. W. 421; Bland v. Cruce (Tex. Civ. App.) 238 S. W. 720; Dallas Plumbing Co. v. Harrington (Tex. Civ. App.) 275 S. W. 190.

█ It is presented that the trial court erred in rendering judgment against appellant for the 15 per cent. attorneys' fees stipulated in the notes. The basis of this contention is that the provision for attorneys' fees is a contract of indemnity, rather than for liquidated damages, that there was no proof in the record as to what sum, if any, was paid or contracted to be paid for the services of the attorneys engaged to prosecute this litigation, and that there was neither allegation nor proof that the notes had been placed in the hands of attorneys for collection, or that 15 per cent. was a reason-

able fee for instituting suit thereon. It is now the settled law of this state that the usual stipulation for attorneys' fees in a note evidences a contract of indemnity, and not for liquidated damages. Ehlinger v. Clark, 117 Tex. 547, 8 S.W.(2d) 666; Lanier v. Jones, 104 Tex. 247, 136 S. W. 255; First National Bank v. Robinson, 104 Tex. 166, 135 S. W. 372; Amuny v. Seaboard Bank & Trust Co. (Tex. Com. App.) 23 S.W.(2d) 287; 6 Tex. Jur. 1024, § 327 et seq.

█ But, notwithstanding the provision is a contract of indemnity, the rule is that, upon a showing of the happening of the event named in the note, the holder is prima facie entitled to recover the sum stipulated, and, if in any case there is any reason why the fees should not be paid, it is a matter of affirmative defense. Authorities next above cited, and 6 Tex. Jur. p. 1031, § 332. It was not necessary for the appellee either to allege or prove that it had placed the notes in the hands of an attorney for collection or had contracted to pay the fees stipulated, because these were not the contingencies provided in the notes for the accrual of attorneys' fees. A plaintiff, in order to recover attorneys' fees, is required to plead and prove only the facts entitling him thereto according to the provisions of the note upon which he sues. Nor was any proof necessary, either that the notes were not paid at maturity, or that suit had been instituted thereon. The mere bringing of the suit and possession of the notes evidenced the fulfillment of these contingencies, and the court takes judicial cognizance of these facts, in the absence of any plea or evidence of payment. Adams v. Bartell, 46 Tex. Civ. App. 349, 102 S. W. 779; Raike v. Clayton (Tex. Civ. App.) 175 S. W. 498; McAnally v. Vickry (Tex. Civ. App.) 79 S. W. 857; Harris v. Scrivener (Tex. Civ. App.) 78 S. W. 705; Hefley v. Milam County Bank (Tex. Civ. App.) 39 S. W. 325.

Appellant has presented no proposition requiring the reversal of the judgment of the trial court, and same is therefore affirmed.

FUNDERBURK, J. (dissenting).

In the majority opinion it is said: "There was no necessity to submit any issues on the cause of action alleged by appellee, because there was no issue of fact as to the execution of the notes or as to the credits to which same were entitled. No objections whatever were filed to the court's charge, and no bills of exceptions appear in the record."

It is stated that the defense pleaded was in the nature of a cross-action for breach of warranty, and that "the execution of the notes was admitted." The record shows, however, that the defendant pleaded a general denial, and the admission that defendant executed the notes following same was not

an essential allegation of the cross-action, but of a defensive plea of partial failure of consideration. The admission is therefore, I think, insufficient to constitute an admission of record by the pleadings dispensing with the necessity of plaintiff making proof of the fact that it was the holder and owner of the note. It therefore appears that we have before us a judgment in a case tried by jury upon special issues, wherein the verdict contains no finding upon any issue tendered by plaintiff's petition, and joined by defendant's general denial.

In Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391, it was declared to be the law at that time that, when a case was submitted to a jury upon special issues, it was necessary, in order to support the judgment, that the verdict contain a finding on every issue made by the pleadings. The Supreme Court then considered that any judgment not supported by such a verdict was erroneous and required a reversal, a result at the time deplored, and as to which recommendations were made to the Legislature. In response, the Legislature enacted, in 1897, present R. S. 1925, art. 2190, which made no change in the policy requiring that a verdict find all facts made issues by the pleading, but provided a method by which a finding upon some issues might be presumed when it appeared that same was supported by the evidence. The statute, however, has been held inapplicable to independent grounds of recovery or of defense. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. The statute has likewise been so construed that it will not supply by presumption omitted issues as against one whose adversary alone was interested in establishing such issues. Turner v. M., K. & T. Ry. Co. (Tex. Civ. App.) 177 S. W. 204; Christian v. Dunavent (Tex. Civ. App.) 232 S. W. 875; Alexander v. Good Marble & Tile Co. (Tex. Civ. App.) 4 S.W.(2d) 636.

From these considerations it becomes necessary to inquire if the omitted issues in this case upon which the judgment necessarily rests are such as are supplied by the presumptions provided for in article 2190. To state the problem is practically to answer it. The appellant was not interested in a finding that J. B. Colt Company was the owner of the notes, or that appellant executed same as alleged. As to those matters, the burden of establishing same was upon appellee. They were issues made by the pleadings. Article 2190 requires "all the issues made by the pleadings" to be submitted. They were not submitted and not requested to be submitted, but, being an independent ground of recovery, and involving issues in which appellant was not interested in establishing, they are not presumed to have been found so as to support the judgment against him, but,

on the contrary, are presumed to have been waived. Ormsby v. Ratcliffe, supra. Upon the face of the record, then, I think the verdict is insufficient to support the judgment, and, the cause should be reversed and remanded. Cisco Bldg. & Loan Ass'n v. Mason (Tex. Civ. App.) 12 S.W.(2d) 1106. If appellee had cross-assigned error to the action of the court in refusing a request for a peremptory instruction to the jury to find the omitted issues in favor of appellee, then it would affirmatively appear from the record that appellee had not waived such issues, and the error of the court in resting its judgment upon an insufficient verdict court be treated as harmless. Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515.

The writer will not enter into an extended argument supporting this view, but will refer to dissenting opinion this day rendered in the case of J. F. Livezey v. Putnam Supply Company (Tex. Civ. App.) 30 S.W.(2d) 902, for a more detailed discussion.

In expressing no further dissent to the opinion of the majority, the writer does not wish to be understood as assenting to any proposition that it is ever permissible for a plaintiff in a suit to enforce a contract, to allege one contract and recover upon proof of another. It is not believed that the contract alleged in this case is so materially and certainly different from the one in evidence as to be governed as a question of law by the principle stated.