## NORTH et al. v. MERGENTHALER LINOTYPE CO.

### No. 9474.

Court of Civil Appeals of Texas. San Antonio.

Dec. 12, 1934.

Rehearing Denied Jan. 9, 1935.

E. B. Ward of Corpus Christi, for appellants.

George Sergeant, of Dallas, and Boone, Henderson, Boone & Davis, of Corpus Christi, for appellee.

BICKETT, Chief Justice.

Mergenthaler Linotype Company, a New York corporation, sued Arthur North, V. V. Daniels, and others, upon ten promissory notes, aggregating $300 principal, and for foreclosure of a chattel mortgage lien upon certain linotype equipment. From a judgment in favor of plaintiff against all of the defendants, North and Daniels have appealed upon the sole contention that plaintiff could not maintain the suit, because it did not have a permit to do business in this state, as required by article 1529, Revised Civil Statutes of Texas (1925).

The defendants, other than North and Daniels, executed the notes and chattel mortgage, and North and Daniels subsequently assumed the payment of the notes. The original obligors executed an order contract which was sent to plaintiff at its home office in New York or its branch office in New Orleans and there accepted by it; they, also, executed the notes and mortgage which were sent to plaintiff at the home office. The equipment was shipped by plaintiff to the purchasers by express from New Orleans. North and Daniels acquired the property, with knowledge of the debt and lien against it, from one Minsky, who had come into possession of it by foreclosure of a subordinate lien. A canvasser of plaintiff interviewed North and Daniels with reference to their assuming payment of the debt. They executed an assumption agreement which was prepared by plaintiff at its New Orleans office and which was returned to it there. This agreement recites that, in consideration of plaintiff's consent to the transfer of the property to North and Daniels, they agree to pay the indebtedness and to perform the conditions of the mortgage. Plaintiff had no office, storeroom, distributing point, or place of business in Texas. It had several canvassers who traveled over parts of Texas and other states and took orders. All orders were subject to acceptance by plaintiff at its home office or branch office out of the state. On acceptance of an order, the property was shipped direct to the purchaser. Plaintiff, also, had a mechanic who installed machinery and occasionally did repair work at the expense of the purchaser of machinery.

A foreign corporation which does not maintain a place of business within this state, which only has canvassers, who submit orders for approval at the home office or a branch office, and an installer, who erects machinery sold, and which ships all goods sold from outside the state direct to the purchaser, is not engaged in business within this state within the meaning of the Texas statutes, so as to require that it obtain a permit to do business in this state as a prerequisite to the right to maintain a suit in the courts of this state. Nor does the execution of an assumption agreement by a subvendee of an original purchaser change the character of the transaction. Smith v. Mergenthaler Linotype Co., 187 Ark. 137, 58 S.W. (2d) 686; Phelps v. Jesse French & Sons Piano Co. (Tex. Civ. App.) 65 S.W.(2d) 374; American Soda Fountain Co. v. Hairston (Tex. Civ. App.) 69 S.W.(2d) 546; Security Company v. Panhandle Nat'l Bank, 93 Tex. 575, 57 S. W. 22; York Mfg. Co. v. Colley, 247 U. S. 21, 38 S. Ct. 430, 62 L. Ed. 963, 11 A. L. R. 611; J. B. Colt Co. v. McBurnett (Tex. Civ. App.) 1 S.W.(2d) 385.

The judgment of the district court is affirmed.