**HENDERSON et al. v. ROWE.**

No. 8231.

Court of Civil Appeals of Texas. Austin.

April 8, 1936.

Rehearing Denied April 29, 1936.

Collins, Jackson & Snodgrass, of San Angelo, for appellants.

Kerr & Gayer, of San Angelo, and Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

Appellee, Roy Rowe, as assignee of W. C. Murphy, sued appellants, Lee Henderson and R. E. Wylie, for damages for breach of their written contract to deliver to W. C. Murphy 150,000 feet of lumber of the grade and dimensions specified; and on a jury trial recovered judgment for $2,700; hence this appeal.

The contract involved consisted of three written instruments, dated September 27, 1930, November 12, 1930, and December 12, 1930, and as concerned this appeal provided, in substance, that in consideration of W. C. Murphy's conveying to R. E. Wylie some thirty-odd lots and a store building in Dallas, Tex., Wylie assuming a $3,500 indebtedness against same, the said "R. E. Wylie, as agent for Lee Henderson, and Lee Henderson hereby bind themselves to deliver to W. C. Murphy * * * f. o. b. cars, one hundred and fifty thousand ft. lumber," of the grade and dimensions specified, at or in the vicinity of Big Sandy, Tex. The contract was typewritten, and the original copy had written therein with pen and ink the words, "Consideration in price on said lumber 30.00 per M. feet f. o. b. cars at loading point." On the back of the contract dated September 27, 1930, is the following assignment by W. C. Murphy to appellee Rowe:

"Transferred to Mr. Roy Rowe all claim and title to the One Hundred and Fifty Thousand feet Lumber described on the other side of this paper.

"The consideration is ($30.00) Thirty Dollars per thousand feet."

By one count appellee, Rowe, sought to hold appellants liable under the terms of the contract for the agreed value of the lumber,

to wit, $30 per thousand feet for the 150,-000 feet, a total of $4,500. By an alternative count, appellee sought to recover the reasonable market value of the lumber at Big Sandy at the time it should have been delivered, which was alleged to be $30 per thousand feet f. o. b. the cars, a total of $4,500.

The jury found in answer to special issues Nos. 1 and 1–A that the language, "Consideration in price on said lumber 30.-00 per M. feet f. o. b. at loading point," was inserted at the time it was executed; and that at the time appellant Henderson signed the contract of December 12, 1930, which adopted the two previous contracts, he knew that Murphy and Wylie had placed a price of $30 per thousand feet on the 150,000 feet of lumber to be delivered. These findings of the jury were fully supported by the evidence, and determined the issue of alterations in the contract against appellant Henderson.

Special issue No. 2 read: "What do you find from a preponderance of the evidence to be the reasonable market value of the 150,000 feet of lumber described in the agreement dated September 27, 1930, and offered in evidence as plaintiff's Exhibit No. 1?"

The jury answered $2,700, and judgment was accordingly rendered for appellee for that sum.

■ Appellants contend that the court erred in the way and manner it submitted special issue No. 2, because it failed to confine the inquiry to the value of the lumber at the time and place it should have been delivered under the contract. Appellants did not object to the issue submitted on the ground that it did not restrict the jury's inquiry as to market value to the time and place of delivery of the lumber. They contend, however, that failure to charge on the proper measure of damages constitutes fundamental error. But even so, the failure to restrict the inquiry to the time and place delivery should have been made may be regarded as harmless error, because all the evidence on the issue confined the inquiry to the time and place the lumber in question should have been delivered. The jury, therefore, could not have been misled by the form or manner of submitting the issue.

Appellants also contend that the trial court erred in refusing to grant them a new trial, because "there was no competent evidence which would authorize the jury to find the value of the lumber in question to be $2700.00 in answer to Special Issue No. 2, the only evidence relating to such values being that of the witnesses Taylor and Wylie, the largest value allowed under Taylor's testimony being $2,119.50 and less than $1250.00 under Wylie's evidence."

■ We do not sustain the contention, because there was other competent evidence which sustained the jury's finding of $2,700. The $2,700 valuation would allow $18 per thousand feet for the 150,000 feet of lumber. Appellant Henderson, who was the brother-in-law of Wylie, testified that Wylie "said he bought the lumber, I believe, at $18.00 a thousand and expected lumber to go up so that he could make some money, but instead of lumber going up it went down to $12.00 a thousand." Wylie testified that he purchased 250,000 feet of lumber from "a fellow" to be delivered f. o. b. cars at or in the vicinity of Big Sandy; that he intended to deliver the 150,000 feet in question out of this purchase; but that "I didn't take it in time and he sold it in the oil field for one-third more than I agreed to pay for it." Other evidence showed that Big Sandy was in the vicinity of the East Texas oil field, which had been discovered a few months before the lumber in question should have been delivered; that trade in lumber in the oil field at the time was "pretty active"; and that "a good deal of lumber" was being used in said oil field at the time and place in question. From these admissions of appellants, the jury could have reasonably inferred that Wylie had contracted to purchase the lumber which he intended to deliver under the contract at $18 per thousand feet.

■ The rule applicable to this evidence is stated in 13 Tex.Jur. 417, as follows: "If the test of the market value has been applied to the article by an actual sale of it, the fact may be proved as evidence of its value. While not conclusive, this circumstance tends to prove value, and in the absence of other evidence it may suffice."

See Galveston Wharf Co. v. McYoung, 2 Willson, Civ.Cas.Ct.App. § 642; American Rio Grande Land & Irr. Co. v. Mercedes Plantation Co. (Tex.Civ.App.) 155 S.W. 286.

■ The value of the lumber stipulated in the contract was also admissible as proof of its reasonable market value. This value was $30 per thousand feet. The rule is settled that where the cause of action is "for the value of the goods, that value may

be shown by evidence which establishes the agreement of the parties ascertaining at the time of the sale what that value was." Ballew v. Casey, 60 Tex. 573. Appellee's alternative cause of action was for damages measured by the reasonable market value of the lumber contracted to be delivered. While it is true that the stipulated price of $30 per thousand feet for the lumber contracted to be delivered by appellants did not conclusively establish its reasonable market value, it tended to do so; and the agreed price stipulated in the contract was therefore admissible as tending to prove the reasonable market value of the lumber in question under the rule stated in Ballew v. Casey, supra. See, also, Thompson-Houston Electric Co. v. Berg, 10 Tex.Civ.App. 200, 30 S.W. 454. The value stipulated in the contract being in evidence, it was a proper subject for the jury to consider in connection with its duty to find the reasonable market value of the lumber, and this evidence was amply sufficient to sustain its valuation of $2,700, or $18 per thousand feet for the lumber contracted to be delivered by appellants.

The cross-assignment of error of appellee is not sustained. By it he contends that the trial court erred in not rendering judgment for him in the sum of $30 per thousand for the lumber as stipulated in the contract, which appellee alleged was the fair market value agreed to and fixed by the parties. Several reasons are shown by the record, either of which would sustain the action of the trial court denying appellee a recovery of the price stipulated in the contract for the lumber. It will suffice to discuss one of them. The contract did not recite or provide that the $30 per thousand feet was the fair market value of the lumber, but merely recited that the trade or exchange price of the lumber was $30 per thousand feet at point of delivery. The trade or exchange price of the property given in exchange for the lumber was not fixed or stipulated in the contract. The rule is settled that the measure of damages for the breach of a contract of trade or exchange of properties is the actual loss sustained in absence of definite agreement fixing a definite price for each piece of property traded or exchanged. McDonald v. Whaley (Tex.Com.App.) 244 S.W. 596.

The judgment of the trial court will be affirmed.

Affirmed.