## PARKER v. CAMERON.

### No. 10621.

Court of Civil Appeals of Texas. Galveston.

Nov. 3, 1938.

Rehearing Denied Feb. 23, 1939.

Fitzpatrick & Wells, of Houston, for appellant.

J. P. Markham, Jr., of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County, decreeing that appellant, Ray L. Parker, take nothing by his suit herein, and that the appellee, A. A. Cameron, go hence without day and recover his costs, entered in response to appellee's motion for such judgment, non obstante veredicto, and after appellant's motion for a judgment in his own favor on the verdict had been overruled.

Appellant had sued the appellee on a written contract for the exchange of certain properties between them—attaching the contract itself, together with a letter from the appellee alleged to be part thereof, to his trial petition—wherein he himself had been obligated to transfer to the appellee a certain oil-lease and a motorboat, while, in turn, the appellee had been obligated to transfer to him these items:

(1) A mineral interest acquired from two certain grantors named Kidd, under and in a certain 30-acre tract, and

(2) An additional "5-acres of royalty, more or less, under the above mentioned 30 acres", and

(3) Certain other things not relevant to this suit.

Appellant's main averment was that appellee had not performed this obligation set forth in paragraph (2), as to which he sought a specific performance of the agreement to transfer such 5-acres of royalty to him, with an alternative count for damages, in event such performance were not decreed; charging a breach of the contract in that respect principally, in other respects also alleging non-performance, and praying for general relief.

After hearing the evidence for both sides the trial court, for some reason not appearing in the record, denied appellant's claim for specific performance of the transfer of the 5-acres of royalty, refused the appellee's motion for an instructed verdict in his favor, and submitted the whole cause to the jury on a single special issue, asking it to find what the value of the boat in question was at the time it was delivered by the appellant to appellee, to which the jury answered, $1100; whereupon the stated motions for judgment upon such verdict were respectively made by the parties, with the result recited supra.

The evidence showed without dispute that the boat had been delivered, as the verdict assumed, but the record further discloses that neither the pleadings, nor any of the evidence, contained anything about the value of the "5-acres of royalty, more or less, under the above 30 acres", nor was the value of all the property that was to be transferred by the appellee to the appellant, nor that of all the property that was to be transferred to the appellee by appellant, recited in any way; in other words, there was neither pleading nor proof of such values as could have enabled the court to find the difference in value between what appellant was to give and what he was to get under the contract, nor the value of the royalty-interest which he alleged (and the evidence undisputedly showed) he did not get.

In these circumstances, it is apparent that the learned trial court tried and submitted the cause to a jury upon an erroneous theory, since in such circumstances (that is, in suits for breach of contracts for the exchange of properties) the measure of damages is the difference between the value of the property given and that actually received in exchange at the time of the trade, where, as here, there was no definite agreement fixing a specific price for each piece of the property dealt with. Patterson v. McMinn, Tex.Civ.App., 152 S.

W. 223; Montgomery v. McCaskill, Tex. Civ.App., 189 S.W. 797; Foster v. Atlir, Tex.Com.App., 215 S.W. 955; Mazac v. Connor, Tex.Civ.App., 296 S.W. 641; Roberts v. Zirkel, Tex.Civ.App., 54 S.W. 618; Henderson v. Rowe, Tex.Civ.App., 93 S. W.2d 589; Medley v. Lamb, Tex.Civ.App., 223 S.W. 1048; George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 804, 123 Am.St.Rep. 772, 15 Ann.Cas. 456.

It follows from these conclusions, and from the holdings cited, that in the state of the record there was no basis for a judgment in favor of either party; further, it having so definitely appeared that the cause between the parties had not been fully developed, the appealed-from decree must be reversed, and the cause remanded for another trial. Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593; Williams v. Safety Casualty Co., 129 Tex. 184, 102 S. W.2d 178; Grand International Brotherhood of Locomotive Engineers v. Marshall, 119 S.W.2d 908, par. (9) at page 912.

It will be so ordered.

Reversed and remanded.

MONTEITH, C. J., participating as special Commissioner.