**POPE v. MERGENTHALER LINOTYPE CO.**

No. 10387.

Court of Civil Appeals of Texas. San Antonio.

Jan. 4, 1939.

Rehearing Denied Sept. 20, 1939.

Walter E. Pope, A. J. Pope, Jr., and Seale & Wood, all of Corpus Christi, for appellant.

Ward & Brown, of Corpus Christi, for appellee.

SMITH, Chief Justice.

Mergenthaler Linotype Company, a New York concern, sued Walter E. Pope for damages for alleged breach of a written contract, executed and alleged to have been breached in the year 1925.

It appears that Pope owned a used linotype machine in his newspaper office at Corpus Christi, and contracted with the Linotype Company to purchase from it two linotype machines, for a money consideration of $3,005, to be evidenced by specified installment notes, and Pope's old machine, which he agreed to deliver to the company properly boxed and shipped, f. o. b. Corpus Christi.

It is conceded that Pope executed and ultimately paid the notes aggregating $3,-005, in accordance with the contract, but, it is contended by the Company, has never delivered the old machine as agreed.

In a jury trial the Company recovered judgment against Pope for $2,435, alleged and found by the jury to have been orally agreed upon by the parties as the value of the old machine. Pope has prosecuted this appeal from that judgment.

The first question presented is that of whether appellee, a foreign corporation, admittedly operating without a permit to engage in business in this State, was entitled to maintain this action in the courts of the State. It is contended, and correctly so, that if the transaction sued on was one in intrastate commerce, as distinguished from interstate commerce, appellee was prohibited by a valid statute from maintaining the action in our courts. Arts. 1529, 1532, 1536, R.S.1925.

Much is said in the briefs concerning the method of raising this question, the procedure thereon, the burden of pleading and proof. We are of the opinion, however, that those questions are rendered immaterial in view of our conclusion that under the record presented, the transaction was one in interstate commerce, and, upon that assumption, it had access to our courts to enforce its rights therein, without having the statutory permit to transact business in this State. 11 Tex.Jur. p. 151, et seq., § 488, et seq.; York Mfg. Co. v. Colley, 247 U.S. 21, 38 S.Ct. 430, 62 L.Ed. 963, 11 A.L.R. 611; Southern Discount Co. v. Rose, Tex.Com.App., 296 S.W. 482; North v. Mergenthaler Co., Tex.Civ.App., 77 S.W.2d 580; Colt v. McBurnett, Tex.Civ.App., 1 S.W.2d 385. We overrule appellant's first proposition.

The transaction was, as a practical matter, an exchange of properties, as distinguished from a sale—if such a distinction exists in principle. It was covered by a written contract, the execution of which by both parties is conceded. It was provided therein that the Linotype Company agreed to sell, f. o. b. New York City, two specified linotype machines, one new and one used, with certain extra parts, and that Pope was to pay therefor, as follows: $3,005 in installments, to be evidenced by notes, specifically described, and the delivery of one specified linotype machine, then in Pope's printing office in Corpus Christi, properly boxed and shipped, f. o. b. as "the Linotype Company may direct." It was expressly provided that the

"memorandum agreement" should become "binding upon the parties hereto upon and only upon its acceptance by" the Linotype Company "at the City of New York by the signatures of its authorized officers with the seal of the Company attached." Except the usual stipulations concerning the form and terms of the installment notes, interest, insurance, and warranty and reservation of title as security, the contract contained no other covenants or provisions than those stated above. It contained no recitation or stipulation concerning the values, or sale or exchange prices of the respective properties to be exchanged; nor was there any provision for liquidated damages for breach of the contract by either party. The effect of the whole agreement was, simply, that the Linotype Company would deliver two machines, and certain additional parts, all specifically described, to Pope, who was in turn obligated to deliver to the Company a certain machine, specifically described, and pay, in addition, $3,005, to be evidenced by his installment notes in a prescribed form and terms.

It is conceded that the Company delivered the two machines to Pope, but the latter contends that the Company failed to show delivery to him of the extra parts required of it in the contract. On the other hand, it is conceded that Pope executed and paid the installment notes in accordance with the contract, but the Company contends, and the record shows, that it has never received the used machine Pope was obligated to deliver to it. It is conceded that that machine was never actually boxed or shipped to the Company, but Pope contends, perhaps ineffectually, that he complied with that obligation through processes of tender and waiver. Pope contends here, by assignment of error and propositions, that the Company failed to show performance of its obligation to deliver the extra parts, and that he showed performance of his agreement to deliver the used machine.

With this statement of the case we arrive at the contentions of the parties as they are presented in the appeal.

■ Appellee adduced evidence to the effect that the sale price of the property to be delivered by the Company to Pope was $5,440, orally agreed to by Pope, and that for the purpose of exchange the machine to be delivered by Pope to the Company was agreed by the parties' to have a value of $2,435 (leaving a difference of $3,005, evidenced by the installment notes). Proof of these agreements rested wholly in parol; they were not included in the written contract sued on. Pope contended throughout the trial, and contends on this appeal, that this evidence violated the rule that parol evidence will not be admitted, or given effect, to add to, vary, or contradict the terms of a written instrument. We are thus confronted with a controlling question in the appeal.

We are of the opinion that appellant's contention must be sustained. The written contract is complete and encompasses every element of a contract, which, simply, requires one party to deliver certain specific property in exchange for certain other specific property, plus a specified sum of money. It lacks none of the essentials of a complete agreement. It is plain, unambiguous, requires no explanation to render it susceptible of specific enforcement, and therefore comes under the rule which prohibits parol evidence which would have the effect of adding to, varying or contradicting its terms, in the absence of allegations and proof of fraud, accident or mistake in its execution. 17 Tex.Jur. pp. 792, 794, §§ 352, 354; 37 Tex.Jur. p. 182, § 64. There were no such allegations or proof in this case.

■ The stated rule is subject to the exception, of course, that parol evidence is admissible and may be given effect to modify or explain the consideration for the contract, unless the recited consideration is contractual in its nature, in which case parol evidence is not admissible, or, if admitted, may not be given the intended effect. 37 Tex.Jur. p. 190, § 68.

In this case the consideration was recited in the contract to be a sum in cash, which was shown to have been paid by Pope, and his agreement to deliver a specifically described linotype machine, which, it is claimed, was not delivered as provided in the written instrument.

The written obligation was to deliver a specified commodity other than money, upon which no agreed money value was stipulated in the writing, and for a breach of that obligation the law fixed the measure of damages at the actual loss to the seller, whereas, testimony that by a prior or contemporaneous parol agreement the parties entered into a stipulation fixing an arbitrary value upon the property would, if given effect, authorize a recovery of dam-

ages in an amount other than the actual loss to the seller. This effect would add to and contradict the consideration stipulated in the written contract, which is prohibited by the parol evidence rule. It would amount to a stipulation for liquidated damages, which was foreign to the written contract.

The record contains compelling evidence that the market value of the machine in question was far below the arbitrary and apparently fictitious value which appellee contends was orally agreed to by the parties as a trade-in allowance upon the machines purchased by Pope from appellee, and to permit this fictitious measure of damages, resting in parol, to be substituted for a plain and unambiguous provision in the written contract would, in our opinion, effectuate a flagrant violation of the parol evidence rule. We sustain appellant's fourth proposition.

■ Appellee made no effort, nor was there any evidence tending to show the market value of the machine in question at the time and place of the alleged breach of Pope's obligation to deliver it to appellee, but, for a measure of damages, appellee relied entirely upon the evidence of an alleged parol agreement of a specific value. The trial court submitted the alleged agreed value as the measure of appellee's damages. We conclude that this was error, for under the record as we have stated it, if the breach occurred, the true measure was the market—or in the alternative, intrinsic—value of the machine at the time and place Pope was obligated to deliver it to appellee. We sustain appellant's sixth proposition.

■ Appellee asserts that the evidence raised the issue of whether he complied with his obligation to deliver the used machine to appellee, as provided in the contract sued on. The court submitted the issue in a form which placed the burden of proof upon appellant to show such delivery, and appellant complains thereat in his brief, having efficiently raised the question in the trial court. If the evidence was sufficient to raise the issue, which we do not decide, the submission was error, as the burden properly rested upon appellee to establish failure of delivery. We sustain appellant's eighth proposition.

Other questions are raised in the appeal, but as they should be eliminated upon another trial we need not discuss or decide them here.

For the errors pointed out the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

In deference to appellee's motion for rehearing, we have again examined the record and the briefs of counsel in this case, and adhere to our original conclusions. It is not deemed necessary to review the evidence, the salient features of which are outlined in our original opinion.

■ As we construed the pertinent evidence in this case, an application of the parol evidence rule was called for, and the failure of the trial court to apply the rule required a reversal of the case. The written contract, the execution of which is assumed for the purpose of this decision, superseded all prior and contemporaneous parol agreements of the parties, and our interpretation of the facts of the case led us to the conclusion that the attempt on the part of the appellee to interpolate a parol understanding as to the agreed value of the machine to be delivered by Pope to the Company into an unequivocal, unambiguous written contract dealing with the selfsame matter, must fail.

All of the cases dealt with and relied upon by appellee are decided upon the theory that the written contracts in litigation were but partial integrations of their subject matter, and that hence parol evidence was admissible to bridge the hiatus. From the evidence, no such case is presented here, for the contract in this case purports to be and is a complete memorial of the transaction out of which this litigation arose. The integration is complete, as contradistinguished from partial. McCormick and Ray, Texas Law of Evidence, § 725, p. 947, et seq., § 728, p. 954; 10 R.C.L. p. 1033; Jones on Evidence, 2d Edition, Vol. 4, p. 2853, et seq., § 1561; 17 Tex.Jur. 854; Humble Oil & Refining Co. v. Strauss, Tex.Civ.App., 243 S.W. 528; Holt v. Chandler, Tex.Civ. App., 29 S.W. 532; Parker v. Cameron, Tex.Civ.App., 125 S.W.2d 353; Evans v. Swartz, Tex.Civ.App., 264 S.W. 234.

It follows that appellee's motion for rehearing must be overruled.